GEORGE C. TRENTOR *vs.* NICHOLAS POTHEN, Intervenor.

June 8, 1891.

**Agency—Knowledge of Agent, when Chargeable to Principal.**—To charge the principal with knowledge possessed by an agent, the facts of which the agent has notice must be within the scope of his agency, so that it is his duty to act upon them or communicate them to his principal.

**Same—Knowledge of Attorney Acquired in other Transactions.**— Notice to an attorney, acquired in another transaction, of the pendency of a suit, which may affect the title to real property, cannot be imputed to one who employs him for the sole and special purpose of examining an abstract of the title of the property and giving an opinion as to its sufficiency.

**Same—Findings—Evidence.**—Evidence *held* not to justify the findings of fact.

Plaintiff brought this action in the district court for Ramsey county, on January 22, 1889, against one Lue V. Gregson, for an accounting as to an alleged partnership transaction growing out of the erection of a double dwelling-house on a lot in St. Paul, so built that the centre partition between the two dwellings was upon the line between the north half of the lot (the record title to which was in plaintiff) and the south half, (the record title to which was in defendant,) for a dissolution of the alleged partnership, and asking that the amount found due plaintiff on the accounting should be declared a specific lien on the entire lot. The defendant answered, putting in issue many of the averments of the complaint. Afterwards, and on February 7, 1889, Gregson conveyed the south half of the lot to Nicholas Pothen, who applied and was admitted to intervene and defend, and who, in his answer, pleaded, among other things, that he was a *bona fide* purchaser. The action was tried by *Kelly*, J., who found, among other facts, the partnership agreement alleged in the complaint, and that on May 2, 1888, plaintiff had brought a former suit in the same court, alleging the same matters and praying the same relief as in this action, and had on the same day filed a notice of *lis pendens*, which has never been released or discharged of record, al-

though that action was dismissed of record prior to the commencement of this.   He also found that plaintiff was in exclusive possession of the entire lot, and had been in such possession from a time prior to the bringing of the first suit; and that the attorney for the defendant in the first action was the intervenor's legal adviser and examined the title for him at the time of his purchase from Gregson; and that the intervenor, when making the purchase, knew that the dwelling-house was occupied by the plaintiff, and had been built by plaintiff and Gregson jointly, and was claimed by plaintiff to be jointly owned by them, and knew of the unsettled accounts between plaintiff and Gregson relating to the erection of the dwelling-house as a common enterprise.   Judgment was ordered and entered for plaintiff for the relief prayed in the complaint, and directing a sale of the south half of the lot to satisfy the amount adjudged due the plaintiff from Gregson.   From this judgment the intervenor appealed.

*Ferdinand Barta,* for appellant.

*Johns, Michael & Johns,* for respondent.

MITCHELL, J.   The brief for the appellant intervenor is somewhat obscure and disconnected in its statements, but we do not understand counsel to deny that plaintiff would be entitled to a lien on these premises as against the defendant or his grantees with notice; but his contention is that his client is protected as a *bona fide* purchaser for value.   Consequently the only question necessary to be considered is whether the evidence justified the court in finding that the intervenor purchased with notice of plaintiff's rights.   Nothing can be claimed from the notice of *lis pendens* filed in a former suit which was dismissed before plaintiff purchased.   It was only constructive notice of the pendency of the action in which it was filed. The court found that plaintiff was in possession of the premises when intervenor purchased them, and that this should have put him upon inquiry.   The record purports to contain all the evidence, and while we find evidence that plaintiff was in possession of his own premises, (the north half of the lot,) we are unable to find a particle that he was in possession of defendant's premises, (the south half of the lot.)   Hence the finding cannot be sustained on that ground.

The only other ground upon which it is sought to sustain it, is that the attorney who examined the title to the property for the intervenor before he purchased, was also the attorney for the defendant in this action, and that this agent's knowledge of the pendency of the action was in law the knowledge of intervenor.

Whether a principal is only to be affected by the knowledge of his agent acquired in the course of the business in which the agent was employed,—that is, what the agent learns in the very transaction during and within the agency,—or whether the doctrine of imputed notice to the principal may be extended and applied to knowledge acquired by the agent in a previous or different transaction, is a question that has given rise to much discussion, and upon which there is a conflict of authority. See Ewell's Evans' Agency, c. 7; 16 Am. Law Reg. (N. S.) 1; *Le Neve* v. *Le Neve*, 2 Lead. Cas. Eq. (4th Am. Ed.) 133, note. In accordance with a clear preponderance of authority, we have held that knowledge of an agent acquired previous to the agency, but appearing to be actually present in his mind during the agency and while acting for his principal in the particular transaction or matter, will, as respects such transaction or matter, be deemed notice to the principal. *Lebanon Savings Bank* v. *Hollenbeck*, 29 Minn. 322, (13 N. W. Rep. 145.) But while this rule may be a salutary and just one if properly applied, it would be a very dangerous one if applied without proper discrimination. Hence the tendency of the courts is rather to restrict the doctrine of imputed notice, or at least not to extend it, but to reduce it within clear and definite principles.

The rule which imputes to the principal the knowledge possessed by the agent applies only to cases where the knowledge is possessed by an agent within the scope of whose authority the subject-matter lies; in other words, the knowledge or notice must come to an agent who has authority to deal in reference to those matters which the knowledge or notice affects. The facts of which the agent had notice must be within the scope of the agency, so that it becomes his duty to act upon them or communicate them to his principal. As it is the rule that whether the principal is bound by contracts entered into by the agent depends upon the nature and extent of the agency,

so does the effect upon the principal of notice to the agent depend upon the same conditions. Hence, in order to determine whether the knowledge of the agent should be imputed to the principal, it becomes of primary importance to ascertain the exact scope and extent of the agency. In this case it appears from the evidence that the agency was special, and limited to examining an abstract of title, and, from that, giving the intervenor an opinion as to the sufficiency of defendant's title. In other words, it was the ordinary case of the employment of an attorney to examine the record title and give an opinion whether or not it is good. We do not suppose it was ever understood that it was within the scope of the agency of an attorney, under such circumstances, to go beyond the record evidences of title and make inquiry of people generally for information as to facts that might affect the title. If a party who employs an attorney for the special purpose of examining an abstract and passing upon the record title is to be charged with notice of all knowledge which the attorney may have previously acquired from other transactions for other parties, it would be very dangerous to employ an attorney at all for any such purpose; and the one whom it would be most dangerous to employ would be the attorney having the most experience and the most extensive practice. We are of opinion that in view of the special and limited purpose for which the intervenor employed this attorney, his knowledge of the pendency of this action cannot be imputed to his principal.

The generally recognized rule that the doctrine of imputed notice will not extend to knowledge of a confidential and privileged nature acquired through previous professional engagements, and which the agent was not at liberty to communicate to his principal, has no application to the present case, for there is nothing confidential or privileged in the mere fact of the pendency of an action.

It would be improper to consider questions which might have been, but are not, raised by counsel; but, in view of another trial, we may remark that there is nothing in the case to justify a finding that the plaintiff and defendant owned and held this real estate as partnership property. The most that can be claimed from the evidence is that they formerly held and owned it as tenants in common, and as

such agreed to unite in the improvement of it.   If plaintiff is entitled to recover at all, it must be upon that line.

Judgment reversed.