ST. PAUL FIRE & MARINE INSURANCE COMPANY *vs.* OCTAVIA J.
PARSONS.

November 16, 1891.

**Fire Insurance—Knowledge of Agent, when not Chargeable to Company.**—A principal is not legally chargeable with notice of facts learned by an agent in the course of an employment in no way connected with his agency.

**Same—Waiver of Forfeiture of Policy.**—A forfeiture of an insurance policy having occurred from a breach of its conditions, an agent of the insurer, who has no knowledge or notice thereof, is not to be deemed to have waived the same by statements not intended to have such an effect, and where conditions do not exist constituting an estoppel.

**Same—Agent's Authority in Respect to Risks.**—The express authority conferred upon an agent at a certain place "and vicinity" *held* to embrace risks in the vicinity of the place specified which had previously been taken by another agent, who had power to act at a neighboring place "and vicinity."

**Same—Oral Statements of Agent, when Binding.**—*Lamberton v. Connecticut Fire Ins. Co.*, 39 Minn. 129, followed, as to the power of an agent of an insurance corporation to bind his principal orally notwithstanding a provision in the policy that the company shall only be bound by indorsements made on the policy.

In July, 1886, the plaintiff insured one Wm. H. Caine against loss by fire on his dwelling-house, the terms of the policy providing that it should be void if the property should "be sold under foreclosure of a mortgage or any other lien," or if the assured "should sell or transfer the property" without the consent of the company indorsed on the policy. On the same day Caine and wife had mortgaged the property to secure a loan of $1,000, and the policy also insured the mortgagee's interest. The policy contained provisions by which, in case of loss, the insurer was bound to pay the mortgagee, notwithstanding the mortgagor had incurred a forfeiture, but in case the company should pay the mortgagee any sum for a loss and should claim that as to the mortgagor or owner no liability existed, the company should at once, to the extent of the payment, be subrogated to

the mortgagee's rights, or, at its option, it might pay the full amount of the mortgage debt, and should thereupon receive an assignment of such debt and of the mortgage. On November 28, 1887, Caine conveyed the premises to the defendant, having previously allowed them to be sold, on June 25, 1887, on foreclosure of a prior mortgage to the mortgagee therein, who on June 29, 1887, conveyed his interest as purchaser to the defendant. On March 4, 1890, the insured dwelling-house was substantially destroyed by fire, and the mortgagee made claim for payment to it of the loss, and the plaintiff, exercising its option under the policy, paid to the mortgagee the full amount of the mortgage debt ($1,035.58) and received an assignment of the mortgage, and thereafter brought this suit in the district court for Clay county, to foreclose the mortgage. In its complaint the plaintiff alleged that by the foreclosure sale and the conveyance to defendant, all of Caine's interest had ceased, and the policy had become void as to all persons except the mortgagee, before the loss. In her answer the defendant denied that the policy was avoided as to Caine by the sale and conveyance, alleging that such transfers were consented to by the plaintiff. The action was removed for trial to Hennepin county, and there tried by *Hicks*, J., who found that on October 15, 1888, the defendant duly notified defendant's agent, one Peterson, of her purchase of the premises and the conveyance to her, and requested him to take the necessary steps to secure to her the transfer of the policy, and was told by him that the policy was good as to her as it then stood, and nothing more needed to be done by her to make it good. The court found the amount of the loss to be $800, and that plaintiff could enforce the mortgage only for the amount ($270) remaining due after crediting that sum on the mortgage debt, which sum of $270 had been duly tendered by defendant to plaintiff. Judgment was ordered in accordance with the decision, a new trial was refused, and the plaintiff appealed.

*Lusk, Bunn & Hadley,* for appellant.

*C. L. Smith,* for respondent.

DICKINSON, J. In February, 1886, the plaintiff insured one Caine against loss by fire of his dwelling-house. The policy contained the provision that it should be void if the property should be sold under

foreclosure of a mortgage or any other lien, or by voluntary transfer or conveyance, unless such transfer or change of title should be indorsed on the policy, or if the assured should sell or transfer the property without the consent of the company indorsed on the policy. In June, 1887, the premises were sold in proceedings for the foreclosure of a mortgage thereon, the mortgagee (a corporation) becoming the purchaser, and afterwards assigning its interest to the defendant. In November, 1887, the insured, Caine, sold and conveyed the premises to the defendant. No indorsements were made on the policy concerning these transactions. The question presented on this appeal is whether the policy was avoided; or, more particularly, whether the company, by its agent, one Peterson, in effect waived the condition that the policy should be void in the events specified.

The policy was issued by Sawbridge & Lake, agents of the plaintiff at Fergus Falls. Subsequently Peterson was appointed the plaintiff's agent at Barnesville, with express authority to receive proposals for insurance in and in the vicinity of Barnesville, to fix rates of premium, receive the same, countersign, issue, renew, and consent to the transfer of policies, to make indorsements on the same, or to vary the risk. The insured premises were nearer to Barnesville than to Fergus Falls. Peterson was a practising attorney-at-law, and, acting in that capacity in behalf of the defendant, he procured the conveyance from Caine to the defendant, he drawing the deed of conveyance. In the course of his employment as such attorney, but not in his employment as the plaintiff's agent, as is found by the court, Peterson became informed of and knew "that the plaintiff had issued the policy in question to Caine, as stated in the pleadings." He was also informed of the mortgage foreclosure and of the assignment by the purchaser to the defendant. After he had been thus informed and had thus acted, and in October, 1888, as is found by the court, the defendant, by her agent, called upon Peterson as agent of the plaintiff, and requested him as such agent to take such steps as would secure the defendant the "transfer of the policy of insurance" previously issued to Caine; and Peterson then informed her that the policy was good as to defendant as it then stood, and that nothing was necessary to be done to make it good to her. As a conclusion

of law the court found that "notice to Peterson of the transfer of title and foreclosure was notice to the plaintiff, and the plaintiff is held to have waived the breaches of the policy by the statements of Peterson to the defendant's agent, as before set forth."

The facts found by the court did not justify this conclusion. It cannot be declared as a legal proposition that when the defendant applied to Peterson, as the agent of the plaintiff, to act in respect to the insurance, the corporation was chargeable with notice of the facts which by the terms of the policy would render it void, merely because the agent had previously acquired knowledge of such facts in the course of an employment in no way relating to the agency, and with which the principal was not connected. *Trentor* v. *Pothen*, 46 Minn. 298, (49 N. W. Rep. 129;) notes to *Le Neve* v. *Le Neve*, 2 Lead. Cas. Eq. 109. Though it be conceded that the nature and the language of the defendant's request to the agent of the company were such as necessarily to bring to his mind, or to impart notice, that the property had been sold, it is not found that he was informed that this had been done *without the consent of the company;* nor can the request be regarded as necessarily notifying him that such was the case. This was an essential fact, as respects the legal effect to be ascribed to the answer made by the agent to such request. The defendant, in order to avoid the forfeiture which had been suffered under the conditions of the policy above referred to, relies upon this answer or statement of the agent as constituting a waiver,—a consent that the policy remain in force notwithstanding the fact that the property had been sold without the consent of the company. It cannot be said from the facts found that the agent intended to waive the forfeiture, or that the company is estopped to dispute that it was waived. It is not to be presumed that he *intended* to waive a forfeiture concerning the very existence or occurrence of which he was ignorant; nor, in general, where the facts do not constitute an estoppel, should one who neither knows the fact of the forfeiture nor is chargeable with fault in not knowing it be held to have waived the same by acts or conduct not intended to have such an effect. See *Robertson* v. *Metropolitan Life Ins. Co.*, 88 N. Y. 541; *Weed* v. *London & Lancashire Fire Ins. Co.*, 116 N. Y. 106, 118, (22 N. E. Rep. 229.)

For aught that appears, the answer of the agent to the defendant's request may have been based on the assumption that the company had consented to what had been done. Before the defendant can claim that the statement of the agent constituted a waiver of the forfeiture, not having been so intended, or that the principal is estopped to deny the waiver, it must appear that the agent knew or was notified of the fact. What the agent said in response to the application of the defendant was in form the statement of his opinion as to existing rights, rather than a declaration that the policy should remain in force notwithstanding the fact that by the occurrence of the specified events and by the conditions of the policy it had already ceased to be valid. The defendant had no right to rely on such a statement as constituting a waiver, without seeing to it that the agent was notified of the facts which he could not be presumed to know, affecting the rights claimed to have been thus waived. The findings do not justify the conclusion, and there must be a new trial.

Concerning another question here presented, and which may again arise, we will add that by virtue of the general authority expressly conferred upon Peterson as the plaintiff's agent at Barnesville and vicinity, he was empowered to act in respect to this insurance as fully as he might have done if the policy had been issued by him. The authority expressly conferred in terms selected by the principal is not to be narrowly construed. He had power to bind the company by consenting that the policy remain in force notwithstanding the transfer of title and the sale on mortgage foreclosure; and notwithstanding the condition of the contract that such consent should be indorsed on the policy, it might be given otherwise. The company could not, by such a provision in its policy, divest itself of the power to afterwards enter into further agreements or stipulations, through its proper agents, concerning the risk. Our decision in *Lamberton* v. *Connecticut Fire Ins. Co.*, 39 Minn. 129, (39 N. W. Rep. 76,) fully covers this point.

Order reversed.