SHAFFER ET AL. *v.* THE MILWAUKEE MECHANICS' INSURANCE COMPANY.

[No. 2,009.   Filed March 12, 1897.]

NEW TRIAL.—*When Motion for Must be Made During Term at Which Verdict was Rendered.—Courts Will Take Judicial Notice of Terms of Circuit Courts.—Statute Construed.*—This court knows judicially that November 14, 1894, the date the verdict was returned, was not the last day of the September term of the Delaware Circuit Court, and as appellants did not make a motion for a new trial during the term at which the cause was tried they waived their right to file a motion for a new trial under section 570, Burns' R. S. 1894, providing that motions for a new trial shall be made during the term of court at which the verdict or decision is rendered, unless the verdict or decision is rendered ·on the last day of the term, when such motion may be made on the first day of the next term.   *p. 208.*

INSURANCE.—*Principal and Agent.*—When an agent is acting within the scope of his agency or authority his knowledge thus obtained is the knowledge of his principal, and his principal is bound by his acts; but where knowledge is obtained by such agent wholly independent of the business or employment of his principal, and in a transaction in which his principal is not connected, such rule will not apply:   *p. 212.*

Shaffer *et al. v.* Milwaukee Mechanics' Insurance Company.

SAME.—*Forfeiture.*—*Condition as to Mortgage.*—*Record of Mortgage not Notice to Insurer of the Existence Thereof.*—The rule that where the law requires an instrument under seal to be recorded in a public record and that such record is notice to all the world, does not apply to insurance companies that issue policies of insurance with express conditions that the policy shall be void, if the property is, or shall become mortgaged; the insurer is not required to examine the public records to ascertain whether or not the insured is violating a stipulation in his policy by which he must be bound. *pp. 212, 213.*

SAME.—*Policy is a Contract Between the Insured and Insurer.*—Where the insured accepts his policy, which is his contract, with the knowledge of all of its conditions and stipulations, and at the time of his acceptance takes it with knowledge of a breach thereof on his part, and in the absence of knowledge thereof on the part of insurer, he cannot afterward be heard to complain. *p. 213.*

SAME.—*Contract.*—*Condition.*—*Forfeiture.*—A condition in a policy of insurance, "This entire policy of insurance, unless otherwise provided by agreement endorsed thereon or added thereto, shall be void * * * if the subject of insurance be personal property and be or become incumbered by a chattel mortgage," avoids the policy, where at the time of the issuance of the policy there existed a chattel mortgage on the property embraced in the policy of insurance, the insurer having no knowledge of the existence thereof. *pp. 209–215.*

From the Delaware Circuit Court. *Affirmed.*

*James N. Templer* and *Edward R. Templer,* for appellants.

*Smiley N. Chambers, Samuel O. Pickens* and *Charles W. Moores,* for appellee.

WILEY, J.—Appellants, Shaffer and Foster, were partners engaged in the business of selling liquors at retail in the city of Muncie, Indiana, under a license issued by the board of commissioners of Delaware county to the appellant, Shaffer. On March 23, 1893, the appellants, Shaffer and Foster, procured the appellee to issue to them a policy of insurance on their saloon and restaurant fixtures and furniture and stock of liquors, contained in a certain building, specif-

ically described in the complaint, in the sum of $800.00, and paid the premium thereon, amounting to $16.00. At the time said policy of insurance was issued, one Clayton B. Templer, of Muncie, was the. authorized agent of the appellee to solicit insurance and issue and countersign policies so taken by him. At the time said policy was issued the said Templer had in his employment as clerk one Richman, whose duty it was to solicit for his employer insurance, and who was authorized to collect premiums and sign the name of his said employer to said policies. Prior to March 1, 1893, appellants, Shaffer and Foster, became indebted to The Schmidtt & Brother Company, a corporation of Cincinnati, Ohio, for goods and stock purchased, in the sum of about $500.00; and on March 21, 1893, they executed to said Schmidtt & Brother Company a chattel mortgage, to secure the payment of said indebtedness, upon all that part of the property covered by the policy of insurance, except the stock of liquors. The appellant, Shaffer, took said mortgage to the office of Clayton B. Templer, in Muncie, Indiana, already filled out, except as to two or three blanks which said Templer filled in, and the said Shaffer signed the firm name to the mortgage, and the said Templer, as a notary public, took the acknowledgment of it, put his seal thereon, and on the same day said mortgage was duly filed in the recorder's office of said county for record. On the 23d day of September, 1893, and while said policy was in force, the building in which the appellants, Shaffer and Foster, were operating their said saloon, and the property covered by said policy and said chattel mortgage, were wholly destroyed by fire.

After the execution of said mortgage, and after the destruction of said property by fire, appellants, Shaffer and Foster, assigned, in writing, said policy of in-

surance to The Schmidtt & Brother Company, by virtue of which assignment the said Schmidtt & Brother Company were authorized to collect and receipt for all the money that might be paid upon said insurance policy.  On October 20, 1894, The Schmidtt & Brother Company reassigned to Shaffer and Foster an interest in said policy to the amount of $326.55.  After said last assignment The Schmidtt & Brother Company, by a proceeding in a court of competent jurisdiction in Hamilton county, Ohio, was placed in the hands of a receiver, by virtue of which the equity that said corporation had in said policy by virtue of the assignment first above mentioned, passed to the receiver, and said receiver procured an order of the proper court in said county to join in the prosecution of this action.

Upon the issues joined, involving the substantial facts as above stated, the case was tried by a jury, and under the instructions of the court a special verdict was returned in the form of answers to interrogatories.  The verdict of the jury was returned November 14, 1894, being the sixty-fourth judicial day of the September term, 1894, of the Delaware Circuit Court. On the day the verdict was returned the appellant, John DePinal, receiver, moved the court for judgment in his favor on the special verdict for $473.45, and appellants, Shaffer and Foster, moved for judgment in their favor for $326.55, and these two motions the court took under advisement.  At the next succeeding term of said court, to-wit: on January 6, 1895, the defendant moved the court for judgment in its favor on the special verdict, and on the last named date the court overruled the motion of appellant, DePinal, receiver, and also the motion of the appellants, Shaffer and Foster, for judgment in their favor on the special verdict.  To which ruling they each excepted.  And the

court sustained appellee's motion for judgment in its favor, to which ruling the appellants also excepted. On the same day the appellants moved the court, in writing, for a new trial; which was overruled, and to which they excepted. Appellee excepted to the filing of the motion for a new trial on the ground that the motion came too late. On appeal, appellants have assigned error as follows:

First. Error of court in overruling appellants' motion for judgment in their favor on the special verdict.

Second. Error of court in sustaining appellee's motion for judgment in its favor on the special verdict.

Third. The court erred in rendering final judgment against appellants for costs upon the special verdict.

Fourth. The court erred in overruling appellants' motion for a new trial.

The fourth assignment of error does not present any question for our decision. It affirmatively appears from the record that the verdict in the court below was returned on November 14, 1894, being the sixty-fourth judicial day of the September term, 1894, of said court. This court judicially knows that November 14, 1894, was not the last day of the September term, 1894, of said court, and hence, as appellants did not file their motion for a new trial during the term at which the cause was tried, and the verdict was not returned on the last day of the term, they waived their right to file a motion for a new trial.

Section 570, Burns' R. S. 1894 (561, Horner's R. S. 1896), provides: "Application for a new trial may be made at any time during the term at which the verdict or decision is rendered; and if the verdict or decision be rendered on the last day of the session of any court, or on the last day of any term, then, on the first day of the next term of such court, whether general, special, or adjourned."

It was held by this court in *Jacquay* v. *Hartzell,* 1 Ind. App. 500, that a failure of the court to rule upon a motion for a judgment on the special finding during the trial term will not be cause for making a motion for a new trial at the next term.

Under the plain meaning of the statute and the decisions of the Supreme and Appellate Courts of this State, the appellants in this case waived their right to a motion for a new trial by not filing it during the term at which the cause was tried, it affirmatively appearing from the record that the verdict of the jury was not returned on the last day of the term.

The other assignments of error bring in review the same questions, and may be considered together.

Appellee has interposed a motion to dismiss the appeal, which involves some questions of practice, but from our view of the law in this case we can dispose of the questions involved without passing upon the motion to dismiss and without prejudicing the rights of the appellee under such motion.

There seems to us to be but one question in the case of controlling interest or importance, and that arises under an express condition of the policy of insurance, and that condition is specifically set out and stated in the policy, and is as follows: "This entire policy of insurance, unless otherwise provided by agreement endorsed thereon or added thereto, shall be void * * * if the subject of insurance be personal property and be or become incumbered by a chattel mortgage."

The special verdict is very lengthy, and contains much unnecessary, irrelevant, and redundant matter, and we deem it only necessary to refer to those parts or portions of the verdict that are pertinent to the question under consideration. In their answers to interrogatories the jury found and stated, in brief, the

following facts: That Clayton B. Templer, of Muncie, Indiana, was the agent of appellee and authorized to solicit insurance, countersign policies and collect premiums; that he had in his employ one Richman as clerk, who was authorized to sign the name of his employer to policies, solicit insurance, collect premiums, and issue and countersign policies; that on March 21, 1893, appellant, Shaffer, went to the office of said Templer, who was a lawyer and notary public, with a chattel mortgage, filled out, except as to one or two blanks, covering the property that was afterwards embraced in the policy of insurance sued upon; that said chattel mortgage was payable to The Schmidtt & Brother Company, of Cincinnati, Ohio; that at the request of said Shaffer he, Templer, filled the blanks and took the acknowledgment of said mortgage; that said mortgage was duly filed for record in the recorder's office of said county on that day, and that the mortgagors resided in said county; that when said Templer took said acknowledgment he did not know what property was described or embraced therein; that on March 23, 1893, two days after said mortgage was executed and recorded, said Richman went to the place of business of Shaffer and Foster and took their application and issued to them the policy in suit, which covered the property embraced in said mortgage and a certain stock of liquors; that at the time said policy was issued neither said Richman nor said Templer knew that the property described in the policy was incumbered by chattel mortgage, and that said Templer did not learn of said facts for about thirty days thereafter; that said Shaffer and Foster paid as a premium for said insurance $16.00, and that all the property described in said policy was totally destroyed by fire September 13, 1894; that on December 21, 1894, the

appellants, Shaffer and Foster, gave notice to the appellee of the loss, and made proof thereof.

The verdict further states all the facts in regard to the assignment of the policy by Shaffer and Foster to The Schmidtt & Brother Company and the reassignment to them, and that there is due appellant, De-Pinal, receiver, upon said policy, $473.45, and to the appellants, Shaffer and Foster, $326.55. Upon these facts appellants contend that they are entitled to recover the entire amount of the policy in proportion to the respective interests that each have therein, as found and determined by the jury.

Unless the condition in the policy above quoted, when applied to the facts as found by the jury, avoids the policy, the appellants were entitled to recover, and the court should have sustained their respective motions for judgment in their favor.

Appellants earnestly urge that the notice to the agent, Templer, under the facts as stated by the jury, was notice to the appellee; and, having issued the policy under such conditions, and accepted the premium therefor, and not offering to cancel the policy and return the unearned premium, the appellee can not escape liability. It will be observed, from the facts above stated, that the jury found that the said C. B. Templer was an attorney and notary public; that he was also attorney for appellant, Shaffer; that he was familiar with his business, and that he was his attorney in procuring for him his license to sell intoxicating liquors, and that he took the acknowledgment of the mortgage of the appellants, Shaffer and Foster, to The Schmidtt & Brother Company.

The appellants earnestly contend that all these facts should be considered as to the question of knowledge of the appellee of the fact of the existence of the mortgage at the time of the issuing of the policy. We

cannot see the relevancy or materiality of these facts. They do not show or tend to show knowledge on the part of the appellee. When an agent is acting within the scope of his agency or authority, the great weight of the adjudicated cases hold that his knowledge is the knowledge of his principal, and that the principal is bound by his acts; but this rule does not obtain when the agent acts for himself and wholly independent of the business or employment of his principal. A person may be the authorized agent of an insurance company and at the same time be a lawyer or notary public, and his professional acts in either of the latter capacities, not pertaining to the business of his principal, cannot be said to be notice to the principal or binding upon him. We are not without high authority in support of this proposition.

In the case of the *Union Nat. Bank of Oshkosh* v. *German Ins. Co.,* 71 Fed. 473, 18 C. C. A. 203, the United States Circuit Court of Appeals, where the appellee sought to avoid its liability upon a policy issued by it, where the breach alleged was a violation of a stipulation in the policy prohibiting over-insurance, it was held that where an agent's knowledge of outstanding over-insurance is acquired by virtue of his relation as attorney for the insured, and in a transaction with which the company was not connected, his knowledge is not the knowledge of the insurance company so as to effect estoppel or a waiver. See, also, *Trentor* v. *Pothen,* 46 Minn. 298, 49 N. W. 129; *St. Paul, etc., Insurance Co.* v. *Parsons,* 47 Minn. 352, 50 N. W. 240.

Appellants further insist that the fact that the mortgage was duly recorded was notice to the appellee, and having issued the policy and accepted the premium thereon with such constructive notice, the condition of the policy relating to incumbrance by

mortgage was waived.   We concede that the general rule prevails that where the law requires an instrument under seal to be recorded in a public record that such record is notice to all the world, but the rule is not applicable here.   Insurance companies that issue policies of insurance with express conditions that the policy shall be void if at the time the property is or shall become incumbered by mortgage, etc., are not required to examine public records to see whether or not the insured is violating a stipulation in the policy, under and by which he must be bound.

A policy of insurance is a contract between the insurer and the insured; and the law presumes that the insured accepts the policy with a full knowledge of all its stipulations.   Where, therefore, the insured accepts his policy, which is his contract, with the knowledge of all of its conditions and stipulations, and at the time of his acceptance he takes it with the knowledge of a breach on his part, and in the absence of knowledge on the part of the insurer, he cannot afterwards be heard to complain.

In support of the proposition that the insured is chargeable with notice of the contents and conditions and stipulations of his policy, we cite the following cases: *Morrison* v. *Insurance Co.*, 69 Tex. 353, 5 Am. St. 63, 6 S. W. 605; *Cleaver* v. *Traders' Ins. Co.*, 71 Mich. 414, 15 Am. St. 275, 39 N. W. 571.

A public record of a chattel mortgage is not notice to an insurance company, and the issuing of a policy conditioned that it shall be void if the property insured be or shall become incumbered by chattel mortgage, such insurance company does not waive such condition by reason of the fact that such mortgage has been duly recorded.

The fact that a mortgage executed on insured property is recorded as required by law, does not consti-

tute notice thereof to the insurer. To bind the company issuing a policy under such conditions, it must have actual notice of the existence of the mortgage at the time the policy is issued, or notice of such facts as will put it upon inquiry. *U. S. Ins. Co.* v. *Morarity* (Tex. Civ. App.), 36 S. W. 943; *Morotock Insurance Co.* v. *Pankey*, 91 Va. 259, 21 S. E. 487; *First Nat. Bank* v. *American, etc., Insurance Co.*, 58 Minn. 492, 60 N. W. 345; *Anderson* v. *Manchester, etc., Assurance Co.*, 59 Minn. 182, 60 N. W. 1095, 63 N. W. 241, 28 L. R. A. 609; *Rochester, etc., Co.* v. *Liberty Insurance Co.*, 44 Neb. 537, 62 N. W. 877.

In line with the cases just cited, it has been held by the supreme court of Iowa that recording a mortgage on insured property is not such constructive notice to the insurer as to make its subsequent acceptance of premiums from the mortgagor a waiver of conditions in the policy prohibiting mortgaging the insured property without the consent of the insurer. *Wicke* v. *Iowa, etc., Ins. Co.*, 90 Ia. 4, 57 N. W. 632.

The court of appeals of Colorado, in the case of *Fireman's Fund Ins. Co.* v. *Barker*, 6 Colo. App. 535, 41 Pac. 513, holds, that a fire policy, conditioned to be void if the insured has concealed any material fact, or if his interest be other than unconditional and sole ownership, is void, if the fact that there was a recorded mortgage on the property was not mentioned, though the concealment was not fraudulent.

There is no question of concealment in the case under consideration, but the principle announced in the case last cited is applicable to the facts here. The courts, almost without exception, hold that insurance companies may rightfully insert in their policies, and enforce against the holders, as a defense, conditions similar to those contained in the policy sued upon.

This rule cannot, under the current of authorities, be successfully contradicted. The courts of our own State have so held in numerous cases. *Bowlus* v. *Phenix Ins. Co.*, 133 Ind. 106, 20 L. R. A. 400; *Continental Ins. Co.* v. *Vanlue*, 126, Ind. 410, 10 L. R. A. 843; *Continental Ins. Co.* v. *Kyle*, 124 Ind. 132, 9 L. R. A. 81; *Geiss* v. *Franklin Ins. Co.*, 123 Ind. 172; *Milwaukee, etc., Co.* v. *Niewedde*, 12 Ind. App. 145.

In the case of *Havens* v. *Home Ins. Co.*, 111 Ind. 90, the court, speaking by Mitchell, J., said: "Courts can not by construction compel insurance companies to assume obligations which they have fairly guarded against, in order to protect themselves against imposition, so that their solvency may be legitimately preserved, in order to afford indemnity to policy holders who observe their contracts."

Under the great weight of authorities we must hold that the existence of the mortgage given by Shaffer and Foster to The Schmidtt & Brother Company, which mortgage was an existing lien on the property embraced in the policy at the time of its issuance, was a breach of the conditions of the policy, and that as the appellee had no knowledge of its existence at the time the policy was issued, such breach voided the policy, and that appellants were not entitled to recover thereunder.

Judgment affirmed.