UNITED FIREMEN'S INS. CO. v. THOMAS.

(Circuit Court of Appeals, Seventh Circuit.   October 6, 1897.)

No. 404.

INSURANCE — CONDITION AGAINST OTHER INSURANCE—WAIVER—PAROL AGREEMENT.

> Knowledge by the agent of an insurance company, at the time of procuring the insurance, that the insured intended to take out other insurance, does not operate as a waiver of a condition in the policy subsequently delivered, forbidding other insurance, except by consent of the insurance company indorsed on the policy. The rule that a prior parol understanding or agreement cannot control a subsequent contract applies, and the waiver, to be effectual, must be subsequent to the written contract, and must be made, not only with knowledge of the other insurance, and with intent to waive the condition, but must be supported by a valuable consideration, or become operative by way of estoppel.

In Error to the Circuit Court of the United States for the Northern District of Illinois.

This action is in assumpsit, and was instituted by the plaintiff in error, John S. Thomas, for the use of Norman H. Camp, receiver, against the United Firemen's Insurance Company, the defendant in error, to recover for a loss by fire under a policy of insurance issued by the plaintiff in error to the amount of $2,500 upon certain household furniture. The policy contained the following provisions: First. "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has, or shall hereafter make or procure, any other contract of insurance, whether valid or not, on the property covered in whole or in part by this policy." Second. "This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, and conditions as may be indorsed hereon or added hereto; and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto; and as to such provisions and conditions, no officer, agent, or representative shall have such power, or be deemed or held to have waived such provision or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached." The defendant below pleaded the general issue, and also pleaded specially that the plaintiff below obtained a large and unreasonable amount of insurance in other companies, without notice to the defendant, and without its permission, and without written indorsement of other insurance permitted on the policy in suit, by which violation of the contract of insurance the insurance policy issued by the defendant became wholly void. It appeared at the trial that Carlton H. Prindeville, an insurance broker, was employed by Mr. Thomas to procure insurance upon the household furniture in question. He testified that he was not, and never had been, an agent of the plaintiff in error; that his business was that of an insurance broker; that he solicited from owners of property the placing of insurance for them, and that in the absence of instructions he placed the insurance in such companies, and with such agents as he thought proper and desirable, receiving from the agents a certain commission for his service; that Mr. Thomas requested him to procure insurance to the amount of $12,500, which he placed in four different companies. He applied to Hopkins & Hasbrook, the agents in the city of Chicago of the company plaintiff in error, to place $2,500 of this insurance, and signed a written application, which does not disclose that further insurance in other companies had been or was to be procured. In answer to a question by the court whether he stated to Hopkins & Hasbrook the amount of insurance that Mr. Thomas desired on his property, he answered, "So far as I recollect, I did;" but he also stated that he could not recollect what he told them, nor whether he communicated with one of the firm or with a clerk in their service. Mr. Hopkins, of that firm, stated that the application for this insurance was made to him personally by Mr. Prindeville, and the application for the policy was signed at that time; that nothing was said with regard to and that he first knew of other insurance of the property after the fire. Prindeville obtained the four policies of insurance from the different companies, and delivered them to Mr. Thomas, who paid him the premiums, which Prindeville paid to the agents, respectively, representing the several companies, receiving from each agent his proper commission. At the conclusion of the evidence the plaintiff in error requested the court to direct the jury to return a verdict in its favor upon the ground that the defendant was not legally liable upon the policy of insurance, which motion was denied, and the ruling is assigned for error. The court charged the jury that the stipulation of the policy with respect to other insurance was binding and conclusive upon the parties unless that condition has been waived by the defendant, and that, if Prindeville was the agent of the plaintiff, the latter would be chargeable with knowledge of the fact that his agent had procured this policy of insurance that did not permit additional insurance; but if, on the other hand, Prindeville was in fact acting for and as the agent of the defendant company in placing this insurance,

and agreed with the plaintiff that he would secure him policies of insurance to the amount desired, to become effective of the same date, and to run concurrently, then the defendant company would be chargeable with knowledge of the fact that there was to be such additional insurance; and if, with such knowledge, the company or the agent that represented it issued the policy, and received the premium upon it, and applied it to its own use, it would constitute a waiver of the condition of the policy,—to which charge there was preserved, and is assigned for error, a proper exception. A verdict was found for the plaintiff below, and reversal of the judgment entered thereon is here sought because of the error stated.

William B. Cunningham, for plaintiff in error.

John Woodbridge and William M. Jones, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

JENKINS, Circuit Judge. If, under the construction of the statute of the state of Illinois held by the supreme court of that state in Insurance Co. v. Ruckman, 127 Ill. 364, 376, 20 N. E. 77, Prindeville must be deemed the agent of the insurance company with respect to the transaction in hand, the question is presented whether his knowledge, prior to the issuance of the policy, of intended other insurance, will vitiate a stipulation in the policy forbidding such other insurance. It is the settled law with respect to written contracts of insurance, as well as to other written contracts, that all negotiations or agreements leading up to the written contract are merged in it, and that parol evidence of a supposed prior agreement cannot be entertained to contradict the express stipulations of the written contract. Thus, in Thompson v. Insurance Co., 104 U. S. 252, 259, it was ruled that "a parol agreement, made at the time of issuing a policy, contradicting the terms of the policy itself, like any other parol agreement inconsistent with a written instrument made contemporary therewith, is void, and cannot be set up to contradict the writing." We have had occasion to speak to the same effect, and in no doubtful language. Union Stock Yards & Transit Co. v. Western Land & Cattle Co., 18 U. S. App. 438, 453, 7 C. C. A. 660, and 59 Fed. 49; Gorrell v. Insurance Co., 24 U. S. App. 188, 11 C. C. A. 240, and 63 Fed. 371; Lumber Co. v. Comstock, 34 U. S. App. 414, 18 C. C. A. 207, and 71 Fed. 477. The written contract speaks conclusively the agreement of the parties, and cannot be contradicted by parol. Therefore a supposed agreement to permit other insurance, made before the written contract, cannot avail to defeat the subsequent express stipulations of the written instrument. Much less can mere knowledge of an intention of the proposed assured to effect, or that he had effected, other insurance, avoid the conditions of the subsequent written contract. The assured knows, or is bound to inform himself, of the conditions and stipulations of his contract before its acceptance. He should not be allowed to accept the contract, and afterwards defeat an essential condition of it, through plea of ignorance of its conditions. Nor do we understand that the doctrine of waiver can have application here. A waiver is an intentional relinquishment of a known right,—an election by one to dispense with something of value, or to forego some advantage he might have taken or insisted upon. Warren v. Crane, 50 Mich. 301, 15 N. W. 465. Mr. Bishop thus defines the term:

"Waiver is where one in possession of any right, whether conferred by law or by contract, and with full knowledge of a material fact, does or forbears the doing of something inconsistent with the existence of the right or of his intention to rely upon it. Thereupon he is said to have waived it, and he is precluded from claiming anything by reason of it afterwards." Bish. Cont. § 792.

But manifestly there can be no waiver of a nonexisting right,—of that which does not exist. Delivery of the policy containing the stipulations against other insurance under circumstances which indicate a previous or contemporaneous parol agreement that such other insurance would be permitted cannot avail, for within the decision in Thompson v. Insurance Co., supra, and the other cases cited, no prior or contemporary parol agreement can be set up to contradict the writing. The waiver must be subsequent to the written contract, and, to be operative, must be made not only with knowledge of the fact of other insurance, and with intent to waive the provisions of the existing contract, but must be supported by a valuable consideration, or become operative by way of estoppel. Here, subsequent to the supposed knowledge of an intent to effect other insurance, the parties stipulated by their contract that it should be void if other insurance had been or should be effected, and that no waiver of any condition of the contract should be valid unless written upon or attached to the policy. An intent to waive cannot be entertained from the mere fact of knowledge in the face of an express term of the contract made and delivered subsequent to such knowledge. There was here shown no intent or agreement to waive subsequent to the delivery of the contract, and no consideration for a waiver is disclosed, nor is any estoppel proven. There was no act or conduct upon the part of the insurance company subsequent to the delivery of the contract, inducing change of position by the assured. He knew, or should have known, of the conditions of the policy, and, so knowing them, was informed of the terms of the contract proposed by the insurance company, and with such knowledge paid the premium demanded. There was, subsequent to the delivery of the contract, no act by the insurance company prejudicial to the assured. It was the duty of the latter to have disclosed to the company the other insurance effected, and to procure to be indorsed upon the policy a written waiver of the condition. We have ruled upon the precise question in Union Nat. Bank v. German Ins. Co., 34 U. S. App. 397, 18 C. C. A. 203, and 71 Fed. 473,—a case that is the counterpart of the one in hand. There, prior to the issuance of the policy, the agent of the company knew of and had himself issued other insurance upon the property covered by the policy. We there held that such knowledge could not affect the written stipulations of the subsequent contract, and that the policy declared conclusively the agreement of the parties. We are unable to distinguish that case from the one before us, and our ruling here must accord with that decision. In a proper case, and in a proper proceeding, a contract which, through error, mistake, or fraud, does not speak the actual agreement of the parties, may be reformed in equity. Such was the case in Insurance Co. v. Ruckman, supra, where reformation of the policy was sought and decreed in equity. No such case is presented here. The assured

brought suit at law upon the policy, and stands upon the very terms of his contract. He asks no reformation of it, and cannot, in this action at law, avoid its express stipulations.

Error is also assigned for certain remarks of the presiding judge during the course of the trial and upon the examination of witnesses. The brief of counsel does not, as it should, refer us to the pages of the record which are thought to contain the objectionable language. We might properly, therefore, and for that reason, decline to entertain the complaint, and in fact it appears from an examination that some of the language complained of and stated at large in the brief is not contained in the record. In view of our ruling upon the question previously considered, we think it unnecessary to pass upon the language of which complaint is made. It is sufficient to say upon the subject in general that every party in a court of justice is entitled to a fair and impartial trial of his cause, and that neither court nor counsel may rightfully use language in the presence and hearing of a jury which shall tend to excite passion or prejudice, or prevent calm, dispassionate consideration of the case. Reynolds v. U. S., 98 U. S. 145, 168; Hicks v. U. S., 150 U. S. 442, 452, 14 Sup. Ct. 144; Starr v. U. S., 153 U. S. 614, 14 Sup. Ct. 919; Hickory v. U. S., 160 U. S. 408, 425, 16 Sup. Ct. 327; Railway Co. v. Meyers, 24 U. S. App. 295, 304, 11 C. C. A. 439, and 63 Fed. 793. The judgment is reversed, and the cause remanded, with directions to the court below to award a new trial.