[Civ. No. 5279. First Appellate District, Division Two.—December 23, 1925.]

## GEORGE R. DALEY, ·Appellant, v. I. ISAAC IRWIN, Respondent.

[1] SALES — BARLEY SEED — BREACH OF WARRANTY — AUTHORITY OF AGENTS—NOTICE TO PLAINTIFF—CONSEQUENTIAL DAMAGES.—In this action for damages for alleged breach of warranty of barley seed, the evidence showed that in getting the seed from defendant the drivers were acting as plaintiff's agents, each of whom had actual authority to receive from defendant recleaned barley and to plant recleaned barley on plaintiff's ranch, and each of whom had the necessary authority to see that the barley delivered for seeding was recleaned barley or to refuse to plant it, and in so doing to stop work if necessary, and in the discharge of those duties notice to the drivers was notice to plaintiff, and each of said drivers was bound to use ordinary diligence to inform plaintiff as to his acts in the course of the agency, and where said drivers knew from the very beginning the dirty condition of the seed that was being delivered to them by defendant, and neglected to report that condition to plaintiff, but proceeded to plant it, plaintiff was not entitled to recover consequential damages.

[2] ID. — PLEADINGS — GENERAL DAMAGES — VERDICT — IMPLIED FINDINGS.—In such action, the trial court having properly granted defendant's motion for nonsuit, and immediately thereupon the court and jury having proceeded to hear the issues raised by defendant's cross-complaint to recover the unpaid purchase price of certain barley seed delivered to plaintiff, and the jury by its verdict in favor of plaintiff having in effect found in favor of plaintiff of general damages in the sum which plaintiff admitted by his pleadings represented the unpaid purchase price of certain barley seed· delivered to him by defendant, and that sum having been the whole demand which plaintiff had made in his pleading, there was no merit in the contention of plaintiff on appeal that error was committed in not granting him nominal or general damages.

[3] ID.—JUDGMENT FOR COSTS—APPEAL.—Where the appellant does not attempt to show that a judgment against him for costs is not in accordance with the provisions of the statute, the appellate court is not called upon to make an independent investigation.

---

(1) 2 C. J., p. 714, n. 92, p. 859, n. 78, p. 862, n. 82.    (2) 4 C. J., p. 1021, n. 9 New.    (3) 4 C. J., p. 552, n. 31, p. 790, n. 83.

1.  See 22 Cal. Jur. 964; 1 R. C. L. 847.
3.  See 2 Cal. Jur. 728; 2 R. C. L. 159.

APPEAL from a judgment of the Superior Court of San Diego County. Edgar A. Luce, Judge. Affirmed.

The facts are stated in the opinion of the court.

Crouch & Sanders for Appellant.

William G. Mirow, J. Clyde Hizar and Sloane & Sloane for Respondent.

STURTEVANT, J.—This is the second appeal in the above-entitled action. (*Daley* v. *Irwin,* 56 Cal. App. 325 [205 Pac. 76].) The general facts are fully stated in that decision and need not be repeated. After the first appeal had been decided the case was tried again in the trial court sitting with a jury. When the plaintiff rested and before the defendant commenced to introduce any proof the defendant made a motion for a nonsuit. The motion was granted and a judgment was entered in favor of the defendant. From that judgment the plaintiff has appealed and has brought up a bill of exceptions.

Before proceeding further it becomes necessary to advert to the peculiar condition of the pleadings. In his complaint the plaintiff pleaded the making of the contract with the defendant for the purchase of a large quantity of barley for seed. He pleaded facts showing that the defendant warranted the seed as recleaned. Thereupon he pleaded a breach of the contract by delivery of uncleaned barley. He followed those allegations with numerous allegations of consequential damage. However, he did not insert any allegations regarding nominal damages or regarding general damages. The defendant interposed an answer containing certain denials and also certain new matter. He also interposed a cross-complaint alleging by the use of a common count the sale to the plaintiff of goods, wares, and merchandise in the sum of $1,390.04. The plaintiff answered the cross-complaint by alleging, "Answering the allegations contained in paragraph 2 of the said cross-complaint, the plaintiff denies that he is indebted to the defendant in the sum of $1301.31, or $88.73 interest. Admits that he has not paid for 292 sacks of barley seed purchased from the

defendant at the agreed price of $1275.01, but alleges that the said barley seed was valueless for the purpose for which it was purchased as more fully appears from the allegations in the plaintiff's complaint contained.''

[1] On the trial of the case the plaintiff assumed the burden of proof. He called witnesses and elicited testimony to prove the allegations of his complaint. To a great extent the evidence was the same as the evidence on the first trial as reported in *Daley* v. *Irwin, supra*. However, on the second trial Mr. Daley testified flatly that he did not have a foreman employed; that Romero, Bennett, Ramos, and Long each brought the necessary farming implements and teams and each was directed to plow the ground and seed it with barley. He further testified that he told each of them that he had purchased the seed from Irwin & Co.; that it was not dirty barley, but was clean barley, and that when they needed barley for seed each one was to direct Daley's truckman, Edge, or another truckman, Cooper, to bring barley or to call up Daley's house and ask Mrs. Daley to have barley sent to the ranch. He also testified that if Ramos, Romero, Bennett, or Long was going to town and if the driver should be in need of grain, the person so going to town should bring back barley. The plaintiff also called as witnesses Cooper, Edge, Ramos, and Romero. Each one testified that he opened one or more sacks and that each sack contained barley that had not been recleaned. Cooper, Ramos, and Romero testified that the barley received was so dirty that it would not go through the drills. Complaint was made by the drivers to the truckmen and the truckmen examined sacks of grain and found the same conditions. Immediately after ordering the seed from Irwin & Co. the plaintiff went to Imperial Valley and did not return to the ranch for three weeks. During that time the dirty barley was received by the planters and much of it was planted, without any express notice to the plaintiff that the seed that was being delivered was dirty. When the plaintiff returned to his ranch he found that the drivers were receiving and planting dirty barley and were having a great deal of difficulty in getting the drill to plant. Thereupon he stopped them from using the seed received from Irwin & Co., purchased seed elsewhere, and proceeded to finish the planting.

In getting seed from the defendant the foregoing facts show that the driver was an agent (Civ. Code, sec. 2295); each agent was bound to use ordinary diligence to inform the plaintiff as to his acts in the course of the agency (Civ. Code, sec. 2020); each had the actual authority to receive from Irwin & Co. recleaned barley and to plant recleaned barley on the plaintiff's ranch (Civ. Code, sec. 2316); each had the necessary authority to see that the barley delivered for seeding was recleaned barley or to refuse to plant it (Civ. Code, sec. 2319, subd. 1); and in so doing to stop work if necessary (Civ. Code, sec. 2320). In the discharge of the foregoing duties notice to the drivers was notice to their principal. (Civ. Code, sec. 2332; *Barrett* v. *Metropolitan Contracting Co.*, 172 Cal. 116 [155 Pac. 645]; *Trentor* v. *Pothen,* 46 Minn. 298 [24 Am. St. Rep. 225, 228, 49 N. W. 129]; *Daley* v. *Irwin, supra.*) Notwithstanding that the drivers from the very beginning knew the condition of the seed that was being delivered, they neglected to report the condition to the plaintiff and proceeded to plant it. Under such facts the plaintiff was not entitled to recover consequential damages. (Williston on Sales, p. 860; *Daley* v. *Irwin, supra.*)

[2] So far as consequential damages are concerned it is clear that there was no error in granting the motion for a nonsuit. At the time of the oral argument the appellant presented for the first time the contention that the appellant was entitled to recover at least nominal damages. At the same time we understood him to claim that he was entitled to recover general damages. (Civ. Code, sec. 3313.) While those contentions might have merit in many instances, we think that the contentions are not supported by the record in this case. Immediately after the nonsuit was granted the court and jury proceeded to hear the issues as presented by the cross-complaint and the appellant's answer thereto, and the jury brought in a verdict in favor of the appellant and against the defendant on the cross-complaint. It will be observed that the appellant's answer to the cross-complaint admitted the delivery to him of 292 sacks of barley and that it had not been paid for and that it was worthless. The verdict of the jury implies a finding in favor of the appellant on each of those allegations. They are in effect

a finding in favor of the appellant of general damages in the sum of $1,275.01. That was the whole demand which the appellant had made in his pleading.

[3] At the time of the argument and in a supplemental brief the appellant complains of the provision in the judgment of $353.80 costs in favor of the defendant and against the plaintiff. He cites no statutory provision or authority showing that he has been injured. The record before us shows an appeal from a judgment entered on the nineteenth day of June, 1922. It shows a document called "Judgment on Verdict in Open Court," recorded June 15, 1922; but said document does not purport to be a judgment except it is so named. The record also discloses what purports to be a judgment of nonsuit, dated June 16, 1922, but it does not appear whether such instrument was ever entered or recorded. The paper last mentioned purports to award costs in favor of the defendant and against the plaintiff. It is merely by argument that we can say that such paper is the judgment appealed from. Assuming that it is, the appellant does not attempt to show to this court that the judgment for costs was not in accordance with the provisions of the statute. (*People* v. *Singh*, 182 Cal. 457, 480 [188 Pac. 987].) This court is not called upon, under such circumstances, to make an independent investigation.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 18, 1926.