24492. LANG v. ALDRED.

DECIDED APRIL 8, 1935.

W. M. Goodwin, for plaintiff in error. E. W. Jordan, contra.

BROYLES, C. J. This was a suit upon a note executed by the defendant, a married woman. Her plea set forth that the debt represented by the note was the debt of her husband, and that "she did not receive the benefit of any part of the money for which said note was given." Upon the trial the undisputed evidence showed that she did receive the benefit of at least part of the money obtained upon the note; and the court did not err in directing a verdict in favor of the plaintiff. Furthermore, the evidence did not disclose that the plaintiff knew that the debt represented by the note was the debt of the defendant's husband, although the attorney employed by the plaintiff to examine the title to the defendant's property (which was deeded as security for the loan evidenced by the note), may have acquired such knowledge in previous transactions with other parties. For knowledge of an attorney to be knowledge of his client, "it is necessary that the knowledge of the attorney be gained in the course of the particular transaction in which he is employed by his client. 6 C. J. 639. In case of a limited employment, knowledge of the attorney beyond the scope of the employment is not imputable to the client. Hess v. Conway, 92 Kan. 787 (4 A. L. R. 1580, 1604, 142 Pac. 253). It has been held that where a party employed an attorney for the special purpose of examining an abstract and passing upon the record title, the client was not chargeable with notice of all knowledge which the attorney may have previously acquired from other transactions for other parties. Trentor v. Pothen, 46 Minn.

92

298. (49 N. W. 129, 24 Am. St. R. 225)." *Citizens Bank* v. *Citizens & So. Bank,* 160 *Ga.* 109, 119 (127 S. E. 219).

    *Judgment affirmed. MacIntyre and Guerry, JJ., concur.*