LAVINIA SWIGERT vs. JAMES ASPDEN et al.

Argued Jan. 20, 1893.   Decided April 5, 1893.

Dissolution of Partnership—Notice to be Given.

   As to those persons who have been in ignorance of the existence of a
   partnership, and, as a consequence, without knowledge of its member-
   ship, notice in any form of its dissolution is not essential.   Generally
   speaking, a new customer with a partnership, without prior knowledge
   of it, or of whom it may have been composed, can hold only those who
   are actual members.

Appeal by plaintiff, Lavinia Swigert, from an order of the District
Court of Hennepin County, Hooker, J., made September 2, 1892,
denying her motion for a new trial.

James Aspden, Henry Aspden and Samuel Potts were partners in
business at Minneapolis for several years under the firm name of
Victor Heater Company.   On March 7, 1890, it was found that
Potts had largely overdrawn his account with the firm.   He gave
his notes for $5,000 in settlement, and retired.   The other members
continued the business in the same firm name, and gave notice to
the parties with whom they had dealings, that Potts had retired, but
they did not otherwise publish the fact to the public.   On Septem-
ber 5, 1889, Samuel Potts borrowed of the plaintiff $200, and gave
her a note for that sum, due in thirty days, to which he signed the
partnership name and his own name also.   To obtain the loan, he
made to plaintiff a verified statement that he was a member of the
company known as the Victor Heater Company; that the other
members were James Aspden and H. Aspden; and that he had au-
thority to sign notes for the partnership.   The firm did not know of
the transaction or hear of it until May 26, 1890, when this action
was commenced against them on the note.   Plaintiff had no previous
dealings with the firm, nor had she any previous knowledge of the
existence of the partnership, or of its business or membership.   One
D. R. Higbee had a claim against Potts, and assisted him to borrow
this money of the plaintiff, and when it was obtained he took it and -

gave Potts credit for the amount. The trial court made findings for defendants, saying in a note attached, that plaintiff relied wholly on the statements of Higbee and Potts, and made no independent inquiries to find out who were members of the firm; that it was a deliberate attempt on the part of Potts and Higbee to defraud the Victor Heater Company or the plaintiff, or possibly both.

*Edson S. Gaylord*, for appellant.

Until notice of dissolution, either actual or constructive, was given, the partnership continued to exist, as to all persons dealing with it and not knowing of the change. In order to exonerate the members of the old firm from acts and contracts of the retiring partner, actual notice should have been given to persons who had prior dealings with the firm, and notice by publication of some sort to the rest of the world. *Amidown* v. *Osgood*, 24 Vt. 278; *Shamburg* v. *Ruggles*, 83 Pa. St. 148; *Polk* v. *Oliver*, 56 Miss. 566; *Southwick* v. *McGovern*, 28 Iowa, 533; *Simonds* v. *Strong*, 24 Vt. 642; *Martin* v. *Searles*, 28 Conn. 42; *Reid* v. *Frazer*, 37 Minn. 473; *Deering* v. *Flanders*, 49 N. H. 225.

*Getty & Getty*, for respondents.

It was not necessary to give any notice of the dissolution made March 7, 1889, in order to save James and Henry Aspden and the Victor Heater Company from liability to plaintiff. Upon a dissolution of a partnership it is necessary for a retiring partner to give actual notice to old customers of the firm, to relieve himself from liability on subsequent contracts. But no notice is required to be given to persons who have had no prior dealings with the firm. Plaintiff contends that a newspaper notice of dissolution should have been given. Of what avail would such a notice have been to the plaintiff, who did not know of the firm or know any of its members, and who had no interest in anything published regarding the firm? *Dowzelot* v. *Rawlings*, 58 Mo. 75; *Whitman* v. *Leonard*, 3 Pick. 177; *Pratt* v. *Page*, 32 Vt. 13; *Chamberlain* v. *Dow*, 10 Mich. 319; *Cook* v. *Penrhyn Slate Co.*, 36 Ohio St. 135.

COLLINS, J. The appellant (plaintiff) does not assail the findings of fact made by the court below, which, so far as pertinent to this appeal, are that a partnership theretofore existing between respondents and one Potts, under the firm name of the Victor Heater Company, was dissolved by the retirement of Potts, in March, 1889, the respondents continuing the business under the same firm name; that no notice was given of such dissolution except specially to those parties with whom the firm had previously dealt; that in September, 1889, Potts executed and delivered in the firm name and in his own name the note sued on, payable to plaintiff, and for money borrowed for his individual use; that neither plaintiff nor her agent who took the note had any prior dealings with the firm, nor had they any knowledge of its existence or of its business prior to that time. Fairly construed, this last finding means that before this transaction with Potts the plaintiff and her agent were wholly ignorant of the existence of such a firm or partnership, and, as a consequence, did not know who were the persons composing it. Nor did either have any information on the subject when taking the note, except such as was then furnished by means of statements or representations made by Potts and his agent for the express purpose of obtaining the loan of money for which the note was given.

As to persons who have had no previous dealings with a partnership, but who have known of its existence, the rule seems to be that general notice of the dissolution must be given, either by publication in a newspaper or in some other manner whereby the fact of dissolution may become publicly known. Briefly stated, the reasons given for the adoption of this rule as to those who have known of the existence of the partnership, but have had no dealings with it, are that one who has been a member of a firm, and thus given the credit of his name thereto, as well as having had authority to act for it in all partnership affairs, should not be allowed to secretly withdraw or be privately retired from it. Those who have known of the existence of the firm, it is said, may well be allowed to presume that it has continued as originally constituted, unless some effort has been made to notify the public of a change in its membership, and this may be especially true where the remaining members continue the business

without a change of firm name. But, if these be cogent reasons in such cases, they do not exist where those who have subsequent dealings are persons in ignorance, not only of the dissolution of a firm of which the latter were once members, but also of the fact that the partnership which has been dissolved ever had an existence. So it has been held that public notice of a dissolution is not essential where the creditor had no previous knowledge of such a firm, or of whom it was composed. *Kennedy* v. *Bohannon*, 11 B. Mon. 119; *Carter* v. *Whalley*, 1 Barn. & Adol. 13; *Brisban* v. *Boyd*, 4 Paige, 17; *Morrison* v. *Perry*, 11 Hun, 33. It is obvious that such creditors act wholly upon their present information of the firm and its members, and not at all upon their past knowledge; and it may be noticed here that when the plaintiff's agent took the note in question he relied on Potts' false statements and representations that he was *then* a member of the Victor Heater Company, and not upon any information or knowledge that such a firm had once existed, and that Potts was then a member.

Judge Story, in his work on Partnership, (section 160,) states that a retiring partner will not be liable to mere strangers who have no knowledge of the persons who compose the firm for the future debts and liabilities of the firm, notwithstanding his omission to give public notice of his retirement; for it cannot be truly said in such cases that any credit is given to the retiring partner by such strangers. So in *Pratt* v. *Page*, 32 Vt. 13, it was held that, to enable a plaintiff to recover in a case similar to this, it must appear that he knew, when making his contract, that there had been a partnership, and of whom it was composed, that he did not then know of its dissolution, and that he supposed he was entering into a contract with the firm when he made it. The prevailing rule may thus be summed up: When a firm which remains after the dissolution as the successor of the partnership dissolved, whether carrying on business under the same or a different name, has business relations with a stranger, who has had no dealings with the former partnership, and who has had no knowledge of such partnership, notice of any kind is unnecessary in order to enable the retiring members of the old company to escape liability for such subsequent contracts; but it

would be otherwise held where the stranger had knowledge of the former partnership, but had no notice, actual or constructive, of its dissolution. Wade, Notice, §§ 489, 490, and cases cited; *Dowzelot* v. *Rawlings*, 58 Mo. 75; *Cook* v. *Penrhyn Slate Co.*, 36 Ohio St. 135; *Bank of Montreal* v. *Page*, 98 Ill. 109; *Pratt* v. *Page, supra.* See, also, *Lovejoy* v. *Spafford*, 93 U. S. 430.

A new customer with a partnership, without prior knowledge of its membership, can only hold, generally speaking, those who are actually partners, because he has had no past dealings or information to furnish a foundation for a belief that he is giving credit to any particular person. The plaintiff, when taking the note, relied upon assurances as to who presently composed the firm, not upon information or well-founded belief as to who had been its members in the past. Upon the prevailing authorities, she cannot be allowed to recover of defendants Aspden.

Order affirmed.

(Opinion published 54 N. W. Rep. 738.)