A. S. HAINES and Another v. J. B. STARKEY and Another.[1]

January 10, 1901.

Nos. 12,352—(180).

## Sale by Agent to Partnership—Knowledge of Agent.

B., an agent, sold merchandise to S. & T. for undisclosed principals, the plaintiffs, they relying upon his statement that S. & T. were co-partners. They had never dealt with S. & T., and personally knew nothing of their business relations or connections. B. had previously sold merchandise for other principals to S. & T. as co-partners, had then learned of the co-partnership, and had no notice or knowledge of a dissolution thereof. He supposed he was selling to the firm, when, as a matter of fact, it had been succeeded by a corporation with the same name. *Held*, that B.'s previously acquired knowledge of such co-partnership was available to plaintiffs, and that they could recover as against the defendants as co-partners.

Action in the district court for Hennepin county against J. B. Starkey and Joseph Tyra, co-partners as Starkey & Tyra, to recover $338.80 for goods sold and delivered. The case was tried before Simpson, J., and a jury, which rendered a verdict in favor of plaintiffs for $401.17. From an order granting a motion for a new trial, plaintiffs appealed. Reversed.

*Alvord C. Egelston*, for appellants.

If a party has actual knowledge of a partnership and its membership, and makes a contract understanding that he is contracting with it, and gives credit on such belief, and has no notice nor knowledge of its dissolution, as to him the partnership still exists, and the members are liable as partners in the transaction. Swigert v. Aspden, 52 Minn. 565; Pratt v. Page, 32 Vt. 13; Lovejoy v. Spafford, 93 U. S. 430. Knowledge, though previously acquired, which enters into the acts of an agent binds the principal. Wilson v. Minn. Farmers Mut. F. Ins. Assn., 36 Minn. 112; Lebanon Sav. Bank v. Hollenbeck, 29 Minn. 322; 1 Am. & Eng. Enc. (2d Ed.) 1149. It must be equally true that the principal is entitled to the benefit of his agent's knowledge that enters into a transaction.

[1] Reported in 84 N. W. 910.

He must bear any burdens, and is likewise entitled to any advantage, that may arise through knowledge of his agent that actually enters into and becomes a part of a transaction. Story, Ag. § 418; Stansell v. Cleveland, 64 Tex. 660; Damon v. Osborn, 1 Pick. 476; Swigert v. Aspden, supra.

*C. M. Ferguson* and *J. M. Murray,* for respondent Tyra.

Former dealers or customers are entitled to actual notice of the dissolution of the firm. Persons not within that class, but having knowledge of the existence of the firm and of its members, are entitled at best to constructive notice only. As to those having no knowledge of the firm or of its members, no notice at all is necessary. Swigert v. Aspden, 52 Minn. 565; Story, Part. § 160; Dowzelot v. Rawlings, 58 Mo. 75; Pratt v. Page, 32 Vt. 13; Cook v. Penrhyn, 36 Oh. St. 135. Notice to or knowledge of the agent, in order to bind his principal, must be knowledge which the agent has gained in connection with the very business which he is authorized to do for his principal, and during the time he is employed by that principal. Knowledge gained before his employment or in the service of another is not the knowledge of his principal, and will not bind him. 1 Am. & Eng. Enc. (2d Ed.) 1144, et seq. It is true that some courts have modified this doctrine slightly and state the rule to be that knowledge shown to be actually present to the agent's mind during the transaction, though gained before his employment, may bind his principal. This was held in Lebanon Sav. Bank v. Hollenbeck, 29 Minn. 322; but the court recognized that even this slight modification might be dangerous, for it says: "This rule * * * if carefully applied, is deemed a salutary one, and calculated to promote justice and fair dealing." And the court refused to apply this rule in two later cases. Trentor v. Pothen, 46 Minn. 298; Sandberg v. Palm, 53 Minn. 252. So far as plaintiffs are concerned, respondent's rights became fixed at the moment of the dissolution of the partnership, and no new right could be created for them to the prejudice of respondent by their employment of Berkemeyer. Richardson v. Snider, 72 Ind. 425; Gaar v. Huggins, 12 Bush, 259; Crosier v. McNeal (C. C.), 3 Oh. Dec. 616.

COLLINS, J.

The plaintiffs, co-partners, were nonresidents. The witness Berkemeyer resided at Minneapolis, was doing business under the name of the Northwestern Slate Company, and for some time had been the undisclosed agent of a number of Eastern concerns, among them the plaintiffs, selling slate in this state. In selling for others, Berkemeyer had acquired a knowledge of the partnership which had existed between these defendants for some years prior to February, 1896, and had made sales to them as such co-partners. The sale in question was made by Berkemeyer in September, 1897, the plaintiffs relying upon his statements that the defendants were co-partners, and having no knowledge to the contrary. There had never been any prior dealings between the parties, nor did plaintiffs know of the existence of such a firm prior to this sale. An issue was made at the trial as to whether Berkemeyer had been given actual notice, or had knowledge amounting to actual notice, of the dissolution of the partnership prior to the sale, but on this question the jury evidently found for the plaintiffs. As the latter had not dealt with the defendants in any manner prior to the dissolution, and knew nothing of the firm, it was not necessary that actual notice of such dissolution should be given to them, nor was constructive notice required. This rule is clearly stated in Swigert v. Aspden, 52 Minn. 565, 54 N. W. 738, and would control this case, were it not that the goods were sold through Berkemeyer, agent of plaintiffs, who were undisclosed to the defendants or either of them.

As stated by respondent's counsel in their brief, the plaintiffs were not entitled to any notice of the dissolution. They were bound to know to whom the sale was made, and cannot avail themselves of the fact that a partnership had previously existed, unless the knowledge of Berkemeyer, acquired while acting as agent for other parties, is available to them, and through his knowledge they were placed on the same footing as those who had formerly dealt with the partnership, and had no notice of its dissolution. If plaintiffs were not entitled to the benefit of Berkemeyer's knowledge, acquired as before stated, it is manifest that they cannot recover in an action brought against defendants as such partners.

In Lebanon Sav. Bank v. Hollenbeck, 29 Minn. 322, 13 N. W. 145, the rule was announced that knowledge of an agent acquired previous to the agency, but actually present in his mind during the agency, and while acting for his principal in a particular transaction or matter, will, as respects such transaction or matter, be notice to the principal, and will bind him as fully as if originally acquired by him. It was there said that the rule was a salutary one, well calculated to promote justice and fair dealing, if carefully applied. See also 1 Am. & Eng. Enc. (2d Ed.) 1150. Notice or knowledge of the agent of facts which enter into and give character to acts done for the principal affect the latter. He cannot accept the act of the agent so far as it is advantageous, and reject any infirmity which attaches to it. If the principal is bound by notice to or knowledge of his agent, it would seem to follow that he is also entitled to the benefit of notice to, or knowledge of, the agent in respect to any particular transaction. Let us suppose that after the dissolution, but with full notice thereof, Berkemeyer had continued to sell to defendants for principals who had previously known of the co-partnership, but were not advised of its termination. Berkemeyer's knowledge of the dissolution would certainly be imputable to his principals, and their personal ignorance of the fact would not avail. If his principals in such a case would be bound by his knowledge, it must be that they may avail themselves of his knowledge of the existence of the firm, although obtained in prior transactions.

The Bank case and the rule therein stated were discussed in Trentor v. Pothen, 46 Minn. 298, 49 N. W. 129, in which it was said that the rule applies only to cases where the knowledge is possessed by an agent within the scope of whose authority the subject-matter lies. The facts of which the agent had notice must be within the scope of the agency, so that it becomes his duty to act upon them and communicate them to his principal. Whether the principal is bound by contracts entered into by the agent depends upon the nature and extent of the agency. The effect upon the principal of notice to, or knowledge of, his agent must depend upon the same conditions. This must also be true when ascertaining whether the agent's previously acquired knowledge

is available to his principal. So that, in either case, it becomes of primary importance to ascertain the exact scope of the agency.

In the case at bar the agent was authorized to sell the plaintiffs' merchandise upon credit to parties who chose to buy. He had full authority to deal with reference to the property, and to ascertain to whom he was selling, whether a co-partnership or a corporation. In these respects the plaintiffs conferred full power upon him. It was his duty to ascertain—to act upon—what he learned, and to communicate to his principals whether the sale was made to the two defendants as co-partners or to some other concern. Berkemeyer had authority to deal with reference to the matters affected by his prior knowledge that a partnership had existed between the defendants a few months before. He might have inquired as to whether it still continued, but surely nothing of this kind would have been demanded if the sale had been on his own account, or for a concern which had previously sold to defendant firm. Why should more be demanded because the sale was for another party, new to defendants, and unacquainted with their business relations or connections? We are of the opinion that the plaintiffs were entitled to the advantages and benefits of knowledge previously acquired by their agent as to the existence of the firm of Starkey & Tyra, obtained, as it was, by actual dealing with the firm, and said knowledge having actually entered into, and become a part of, the transaction. Story, Ag. § 418.

It is obvious that if Berkemeyer, an undisclosed agent, had brought action upon this claim in his own name, he could have recovered upon the ground that he had not been notified of the dissolution, nor had he actual knowledge which could be held equivalent to notice. It is equally as obvious that in this respect plaintiffs stand in Berkemeyer's shoes. This disposes of the case, and we need not consider more particularly the assignments of error.

Order reversed.

BROWN, J.

I dissent.