# FIRST INTERNATIONAL BANK OF PORTAL v. D. J. BROWN and Another.[1]

### July 2, 1915.

### Nos. 19,225—(142).

**Verdict sustained.**

    1. The evidence is *held* sufficient to sustain the verdict.

**Appeal and error — questions of fact.**

    2. The questions involved in this action were eminently questions of fact, which, having been decided in favor of defendant's contention herein, and not having been disturbed by the trial court, will not be questioned here.

---

[1] Reported in 153 N. W. 522.

*Same — no error.*

3. A careful examination of the record fails to disclose any reversible error.

Action in the district court for Blue Earth county to recover $1,600 upon the promissory note of defendants. Defendant Himmelmann alone answered. The case was tried before Pfau, J., who denied the motion of defendant Himmelmann to dismiss the action, and a jury which returned a verdict in favor of defendant. From an order denying its motion for judgment in its favor notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*C. E. Phillips* and *John O. Hanchett,* for appellant.

*C. J. Laurisch,* for respondent.

SCHALLER, J.

Action on a promissory note against Henry Himmelmann, Jr., and D. J. Brown, defendants.

The complaint alleges that Himmelmann and Brown were copartners conducting a certain business at North Portal, Saskatchewan, Canada; that the firm name was D. J. Brown; that the debt evidenced by the note was incurred by the copartnership for moneys borrowed from plaintiff, for use in the copartnership business, and that the note itself was signed by D. J. Brown.

Defendant Himmelmann answered, admitting the corporate status of plaintiff; denying the other allegations in the complaint, except that he admitted that he had signed an agreement to enter into a copartnership with D. J. Brown, but alleged that the agreement was never consummated, either in whole or in part. He alleged that the business was done by said Brown in his own name, and for his own benefit. He stated that the only interest he had in the business was that he had loaned money to defendant Brown when Brown entered into business.

A great deal of testimony was taken and evidence introduced tending to prove the allegations of the complaint and the denials and allegations contained in the answer. There was, however, sufficient evidence from which the jury could have found the following facts:

That the defendants, D. J. Brown and Henry Himmelmann, had

been acquainted for some time; that they had entered into tentative agreement for a partnership, under which Brown was to purchase the business of the Union hotel at North Portal; that Himmelmann advanced on the purchase price of the property the sum of $2,500, and signed a note with Brown for an additional $500 which note was discounted by the plaintiff bank; that Brown had the entire control and management of the business; that defendant Himmelmann, although present at one time for several weeks, did not take any part in the management and operation of the business; that at one time during the absence of Brown, Himmelmann went to North Portal and assisted in the management and operation of the business, depositing all moneys to the account of D. J. Brown, signing all checks in the name of D. J. Brown and apparently acting for D. J. Brown during that time; that during the time spoken of D. J. Brown was at Minneapolis taking treatment, and that the services rendered by Himmelmann were rendered at the request of Brown's wife and on account of the friendship which had formerly existed between them; that in the month of October, 1911, the note for $500, signed by Himmelmann and Brown, had been paid; that all moneys advanced by Himmelmann had been repaid to him and that there was nothing due to Himmelmann on account of such advances; that on the eighteenth day of October, 1911, defendant Himmelmann, after having taken care of the business during Brown's absence, received from Brown the $2,500 advanced by him; that in a conversation with one Gerding, the assistant cashier of plaintiff bank, Himmelmann told him that he was through with Brown, that the bank could trust him if it wanted to, but not for him; that the debt evidenced by the note was not incurred on the credit of defendant Himmelmann and was incurred solely on the credit of defendant Brown; that the plaintiff had no knowledge or information as to whether or not any articles of copartnership had been entered into until long after the indebtedness was incurred and long after the note was signed; that defendant Himmelmann and Brown never were partners; that Himmelmann never made any statements to the plaintiff from which plaintiff could have been led to believe that he was a partner.

The questions at issue between the parties were submitted to the

jury under proper instructions and the jury returned a verdict for defendant Himmelmann. Plaintiff moved for judgment notwithstanding the verdict or for a new trial, and appeals from the order denying the motion.

The assignments of error are directed to rulings of the court on the admission of evidence, to the failure to give certain requested instructions to the jury, to certain portions of the charge and to the sufficiency of the evidence to sustain the verdict.

We have carefully examined the record in this case, and, while from such examination we might have reached a conclusion differing from that reached by the jury, there is, nevertheless, evidence sufficient to sustain the verdict.

The questions involved in this action were eminently questions of fact. These having been decided in favor of defendant's contention herein, and not having been disturbed by the trial court, will not be questioned here.

Plaintiff, at the time the indebtedness was incurred, apparently had no knowledge or information from Himmelmann that any partnership relation existed between Brown and himself. It evidently considered the indebtedness to be the indebtedness of Brown only, and the jury was justified in finding that plaintiff never expected to hold any one except Brown. There is evidence from which the jury might find that, even though a partnership had existed, the same was discontinued or dissolved in October, 1911. Defendant Himmelmann notified plaintiff that he was through with Brown and that the plaintiff could trust Brown but that he would not. It appears that at that time defendant Brown had more than $2,500 on deposit in plaintiff bank.

Considerable documentary evidence was introduced on the question as to whether or not these parties had ever been partners. This evidence, if unexplained, would make it seem quite clear that at one time defendant Himmelmann was or contemplated being a partner in this business. The question whether or not such partnership, if it existed, was terminated in October, 1911, was fairly a question for the jury. If the partnership was terminated, the mere fact that the matters and differences between the copartners were not settled up

as between them would not in itself make defendant Himmelmann liable for an indebtedness incurred long after the dissolution. If no partnership ever existed, defendant Himmelmann could certainly not be held liable except by way of estoppel. It is axiomatic that "where no definite time is fixed for the continuance of a partnership, it is one at will and either party may dissolve it at pleasure." Stitt v. Rat Portage Lumber Co. 98 Minn. 52, 107 N. W. 824. No notice of dissolution is necessary as regards persons who have had no knowledge of the fact that the partnership existed. Swigert v. Apsden, 52 Minn. 565, 54 N. W. 738; Haines v. Starkey, 82 Minn. 230, 84 N. W. 910.

We have examined the other assignments and the record and find no reversible error.

Order affirmed.