THOMPSON et al. v. HARMON.
(No. 2–2544.)

(Commission of Appeals of Texas, Section A. Jan. 15, 1919.)

1. APPEAL AND ERROR ⬥═➩79(1)—FINALITY OF JUDGMENT.

Where the court overruled motion for continuance to bring in other parties as sought by cross-bill, such parties were not before the court, and it was not necessary, in order to be final, that the judgment dispose of them, or of any cause of action asserted against them.

2. APPEAL AND ERROR ⬥═➩79(1)—FINALITY OF JUDGMENT.

In action against partnership operating bank, cross-bill *held* to seek no relief as against temporary administrator of one of partners, so that judgment was final, although it failed to dispose of his interest.

3. PARTNERSHIP ⬥═➩291—RETIRING PARTNERS —LIABILITY—NOTICE OF DISSOLUTION.

It is incumbent upon members of partnership to give due notice of dissolution, and actual notice is required to those who have had dealings with the partnership.

4. PARTNERSHIP ⬥═➩296(3)—NOTICE OF DISSOLUTION—BURDEN OF PROOF.

Where it is sought to hold a retired member liable by one who has dealt with the partnership prior to its dissolution, the burden of proof to establish due notice or knowledge is upon such member.

5. PARTNERSHIP ⬥═➩291—RETIRING PARTNERS —LIABILITY—NOTICE.

To those who had knowledge of, but no dealings with, the partnership prior to the dissolution, actual notice thereof is not required; a public notice given in some reasonable manner being deemed sufficient.

6. PARTNERSHIP ⬥═➩290—RETIRING PARTNERS —LIABILITY—NOTICE.

Creditors becoming such subsequent to dissolution without knowledge of the existence of the partnership are entitled to no notice of the dissolution.

7. PARTNERSHIP ⬥═➩296(3)—LIABILITY OF RETIRING PARTNERS—BURDEN OF PROOF.

One seeking to recover against a retiring partner must establish that he knew, at the time of the transaction, that a partnership existed, of which the one sought to be held liable was a member; that he was in ignorance of any dissolution; and that he entered upon the transaction or extended credit in reliance upon the partnership as it had theretofore existed.

8. PARTNERSHIP ⬥═➩296(3) — RETIRING PARTNERS—LIABILITY.

In the absence of evidence that one dealing with partnership did so in reliance upon certain persons being members, he could not recover from those persons who had retired from the partnership.

9. PARTNERSHIP ⬥═➩296(3) — RETIRING PARTNERS — LIABILITY — EVIDENCE OF GENERAL REPUTATION.

Knowledge or notice to creditors of partnership and ignorance of its dissolution cannot be established by evidence of general reputation and notoriety in the community as to whether the partnership continued in existence.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by M. H. Harmon against W. R. Thompson and others. To review judgment (152 S. W. 1161) of the Court of Civil Appeals affirming judgment against all defendants, they bring error. Reformed and affirmed, in accordance with the recommendation of the Commission of Appeals.

S. L. Samuels, Geo. Thompson, and Theodore Mack, all of Ft. Worth, for plaintiffs in error.

R. L. Carlock and W. P. McLean, both of Ft. Worth, for defendant in error.

⬥═➩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

SONFIELD, P. J. This action was brought by plaintiff, M. H. Harmon, against defendants, W. R. Thompson and J. Z. Carter and G. W. Duke as temporary administrator of the estate of W. A. Green, deceased.

Plaintiff alleged that on the 23d day of December, 1905, defendants, Thompson, Carter, and W. A. Green formed a partnership for the operation of a private bank under the name of Citizens' Bank of Newark, Tex., with Thompson president, Carter vice president, and Green cashier. Business was actively begun in the spring of 1906, and continued until the bank failed or suspended on the 30th day of January, 1911. There was never a dissolution of the partnership, or, if any dissolution in fact occurred, no notice thereof was given those then dealing with the bank or to the public. Defendants continued to hold themselves out and permitted Green to hold them out as partners. On the date of the suspension of business by the bank there was owing to depositors the sum of $22,008.-47. Of this amount the sum of $2,136 was owing to plaintiff individually, and the remainder had been duly assigned to him by the respective creditors. All the depositors and creditors placed their money in the keeping of the bank believing that defendants Thompson and Carter, together with W. A. Green, constituted the partnership owning and conducting same. If there was a dissolution of, or any change in, the partnership the creditors were in ignorance thereof. Thompson and Carter were the financially responsible members of the partnership. Plaintiff sought a recovery of the amount of the deposits and an additional sum of $1,100 due by the bank in a transaction pertaining to certain vendor lien notes with H. B. Otis; this claim having been assigned to plaintiff.

Defendants Thompson and Carter, among other things, pleaded under oath that the partnership was dissolved in the month of October, 1907, when Green became the sole owner of the business, since which time they had no connection with Green or with the business of the bank, which could have been known to plaintiff and to all those under whom he claimed by the exercise of reasonable diligence. They denied holding themselves out as partners, and, if so held out by Green, it was without their knowledge or consent.

The tenth paragraph of the answer was in the nature of a cross-bill against the estate of W. A. Green, deceased, the surviving wife and child of Green, and any administrator of his estate, seeking a recovery in the event any judgment should be rendered against these defendants. It was alleged that no permanent administrator had yet been appointed, and the claim of the defendants was one which a temporary administrator was not competent to approve or reject. Leave was asked to make the surviving wife and child of Green and such administrator, when appointed, parties to the action.

Duke, the temporary administrator, filed an answer alleging full authority under the appointment of the court to represent the interest of the estate of Green in all matters pertaining to this litigation. Therein he denied the allegations in the answer of defendants Thompson and Carter, seeking to hold the estate of Green for the entire indebtedness, alleging that Thompson and Carter were equally liable with Green for all the said indebtedness.

Before going to trial, defendants Thompson and Carter made application for continuance of the case, in which application they recounted substantially the allegations contained in their cross-bill against the estate of W. A. Green and sought a continuance in order that the surviving wife and child of Green and the permanent administrator, when appointed, might be brought before the court, and the issues raised in the cross-bill between the said defendants and such parties determined.

The trial court charged the jury upon two theories, that of liability as partners, no dissolution taking place, or, in the event of actual dissolution liability based upon failure to give notice thereof and of permitting themselves to be held out by Green as partners. The court instructed the jury to state the ground upon which liability, if any, was predicated.

The jury returned a verdict in favor of the plaintiff against all the defendants for the amount of deposits owing by the bank in the sum of $22,008.47 with interest and for the principal of the Otis notes, amounting to $1,-100 with interest, and 10 per cent. additional as attorney's fees.

The verdict, as stated therein, was found under section 2 of the court's charge, that is, on liability the result of failure to give notice of dissolution, and the holding out of defendants as partners. Upon this verdict judgment was entered against all the defendants. Defendants Thompson and Carter appealed, and the judgment of the district court was affirmed by the Court of Civil Appeals. 152 S. W. 1161.

The evidence establishes that the partnership between defendants, Thompson and Carter and W. A. Green, deceased, was entered into, as alleged. No notice of any kind or character was given to those who were dealing with the bank or to the public at large of the dissolution of the partnership. The bank, at the time of its suspension, owed the various depositors the sum of $22,008.47 exclusive of the Otis notes, all of which had been duly assigned to plaintiff; of said amount, the sum of $10,656.76 was due persons who were creditors of and dealing with the bank

at the time of the dissolution, plaintiff's individual claim being among the number, and the balance of $11,351.71 was due the persons who became depositors and creditors subsequent to the dissolution of the partnership. The transaction with reference to the Otis notes took place subsequent to the dissolution, and the amount of same was as found by the jury.

[1, 2] Defendants urge. that the judgment lacks finality, no disposition being made therein of the cross-action of defendants Thompson and Carter against the administrator of the estate of W. A. Green. G. W. Duke, as temporary administrator of said estate, was made party defendant by the plaintiff. Defendants Thompson and Carter, by plea and exception, as well as in their answer and cross-bill, denied the right of Duke, as temporary administrator, to represent the estate in the matters involved and the cross-bill sought to implead the surviving wife and child of Green and the permanent administrator of the estate, when appointed. Prior to going into trial, these defendants filed a motion for continuance in order to bring before the court the surviving wife and child of Green and the permanent administrator of the estate, when appointed. The motion contained substantially the allegations of defendant's cross-bill denying the right of Duke as temporary administrator to represent the estate in the matters in litigation, thus necessitating the presence of the permanent administrator and the surviving wife and child of Green. The court overruled the motion. This action of the court was tantamount to a refusal by the court to allow the bringing in of new parties, as sought by the cross-bill. Such parties so sought to be brought in were therefore in no manner before the court, and it was not necessary for the judgment to dispose of them, or of any cause of action asserted against them. Ellis v. Harrison, 52 S. W. 581. We agree with the conclusion of the Court of Civil Appeals that the cross-bill sought no relief against Duke as temporary administrator or against the estate of Green under temporary administration. It results that in our opinion the judgment was final in its nature.

The verdict of the jury involved the finding that the partnership was dissolved in October, 1907. At that time the bank had two classes of depositors represented herein, those who had dealings with the bank prior to the dissolution, and those whose dealings began subsequent thereto. The rules of law applicable to the two classes are essentially different.

[3, 4] It is incumbent upon the members to give due notice of the dissolution of a partnership. To those who have had dealings with the partnership actual notice is required. In the absence of such notice, or of knowledge of the dissolution, the liability of the members continues as to such persons. Tudor v. White, 27 Tex. 584; Davis v. Willis, 47 Tex. 154. Where a member is sought to be held liable by one who thus dealt with the partnership prior to its dissolution, the burden of proof to establish notice or knowledge is upon such member. 2 Bates, Partnership, 621.

[5] To those who had knowledge of, but no dealings with, the partnership prior to the dissolution, actual notice is not required; a public notice given in some reasonable manner being deemed sufficient. 20 R. C. L. 967. Having knowledge of the existence of the partnership, one can of right presume its continuance until some public notice of change or dissolution is given. This is especially true where the business is continued under the same firm name.

[6, 7] Those having subsequent dealings without knowledge of the existence of the partnership are entitled to no notice of any kind of the dissolution. A continuing relation cannot be relied upon by one without knowledge that such relation once existed. Hence, subsequent creditors without such knowledge cannot fasten liability upon a retiring member through the mere failure to give notice of dissolution. Swigert v. Aspden, 52 Minn. 565, 54 N. W. 738. The basis of such liability is estoppel. Having held himself out, or permitted others to hold him out, as a partner whereby persons dealing with the partnership are induced to believe him a member thereof, and through such belief to extend credit to the partnership, he cannot as to such persons deny the partnership, although it does not in fact exist. This being the sole ground of liability, one seeking to recover against a retiring member must establish that he knew at the time of the transaction that a partnership existed, of which the one sought to be held liable was a member; that he believed it still existed, being in ignorance of any dissolution; and that he entered upon the transaction or extended credit in reliance upon the partnership as it had theretofore existed. Wallis v. Wood, 7 S. W. 852; Pratt v. Page, 32 Vt. 13; Thompson v. Bank, 111 U. S. 529, 4 Sup. Ct. 689, 28 L. Ed. 507; 22 Am. & Eng. Law, 58.

[8] The undisputed evidence establishes that no notice of any kind was given of the dissolution of the partnership between Green and these defendants. The verdict of the jury imports that those depositors who had dealt with the bank prior to the dissolution were without knowledge of such dissolution. It follows that, as to his individual deposit and the deposits assigned to him by persons having so dealt with the firm, plaintiff is entitled to a recovery. Such deposits amounted concededly to the sum of $10,656.76. As to those depositors whose dealings with the bank began subsequent to the dissolution, there is no

evidence of knowledge of the existence of the partnership between Green and these defendants prior to or at the time of such dealings, or that they dealt with the bank in reliance upon such partnership, save and except as to the following, the amounts of the deposits being set opposite the names: C. A. Adams, $928.10; Peden & Son, $260.25; G. W. Duke, trustee, $73.12; Harrison Company, $378.41; and C. W. Rickman, $250.85. In each instance with reference to the above deposits the depositors testified to such knowledge and reliance. As to the deposit of H. B. Otis and his sale of the Bradford vendor lien notes, while his testimony may be construed as evidencing a knowledge of the existence of the partnership, there is no evidence that he made the deposit or had the transaction with reference to the notes in reliance upon these defendants being members of the partnership. Without such reliance there can be no recovery.

[9] Plaintiff adduced evidence of general reputation and notoriety in the community in which the bank was situated, that Green and these defendants were partners, and that the partnership continued to the date of the failure of the bank. Knowledge by a creditor of the existence of the partnership and ignorance of its dissolution cannot be established in this manner. General reputation and notoriety may exist, and yet the party dealing with the firm may have no knowledge thereof. That which is to be established is not the knowledge of others upon which the general reputation and notoriety may be based, but the facts within the knowledge of the creditor himself. Wallis v. Wood, 7 S. W. 852. But even if knowledge of the existence of the partnership and ignorance of its dissolution could be thus established, reliance upon the partnership as it originally existed could not thus be established. It could not be presumed from general reputation and notoriety that there was knowledge of the existence of the partnership and ignorance of its dissolution, and based upon this the further presumption obtain, that the party in such dealing relied upon the knowledge and ignorance so presumed. From the record the case appears to have been fully developed.

We are of opinion that the judgment of the Court of Civil Appeals should be here reformed, granting a recovery by plaintiff against defendants Thompson and Carter in the sum of $12,547.49, with interest thereon at the rate of 6 per cent. per annum from January 31, 1911, and as so reformed the judgment is in all respects affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes