## CHARLES J. SWANSON v. EDWARD J. LINDSTROM.[1]

December 23, 1921.

No. 22,506.

**Partnership—finding supported by evidence.**

1. The finding that plaintiff and defendant, by mutual agreement, engaged in a partnership or joint enterprise to purchase and resell farms, and that all the transactions involved herein were conducted under and pursuant to such agreement, is sustained by the evidence.

**Suit for dissolution and accounting—parties not entitled to jury trial.**

2. This is an equitable action for the dissolution of the partnership, for an accounting and settlement of its affairs, and for a distribution of its property or of the proceeds thereof according to the rights of the parties as determined by the court, and neither party was entitled, as a matter of right, to a jury trial of any of the issues.

**Partners or joint adventurers—no difference in relation.**

3. The rights, duties and obligations of the parties are governed and determined by the same rules, whether they were partners or merely joint adventurers in a joint enterprise.

**Agreement construed.**

4. The agreement created the relation of partners or joint adventurers in praesenti, and was not a mere executory agreement to make another contract in the future.

[1]Reported in 185 N. W. 950.

**Right of parties to retire.**

5. Where no definite time is fixed for the continuance of a partnership or joint adventure, either party may dissolve it at any time.

**When facts are admitted by other side, admission of hearsay not prejudicial.**

6. Receiving hearsay testimony is error without prejudice where the objecting party subsequently admits the existence of the same facts shown by such testimony.

**Allowance of interest on advances.**

7. The court properly allowed interest on advances as provided by the express agreement of the parties.

**Disallowance of interest not prejudicial.**

8. Where defendant made improvements on a farm, but received rentals therefrom largely in excess of the value of such improvements, he is not injured by the disallowance of interest on both items.

**Appointment of receiver.**

9. The court having directed that the partnership be dissolved, and having stated the accounts between the parties and determined their respective rights in the partnership property, it was within the discretion of the court to appoint a receiver to carry its judgment into effect by disposing of the property and distributing its proceeds as directed therein.

Action in the district court for Anoka county to dissolve a partnership, for an accounting of its affairs, and for the appointment of a receiver to take charge and distribute the assets. The case was tried before Giddings, J., who made findings and ordered judgment as stated in the opinion. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*John A. Nordin* and *P. J. Nelson*, for appellant.

*Will A. Blanchard*, for respondent.

TAYLOR, C.

The plaintiff brought this action for an accounting and settlement of the affairs of a partnership alleged to have existed between himself and the defendant. He asked that the partnership be declared dissolved, that the respective rights of the parties in the partnership property be ascertained and determined, and that a receiver be ap-

pointed to take charge of the property and distribute it or its proceeds according to the rights of the parties as determined by the court.

The court found as a fact that the plaintiff and defendant had entered into a joint enterprise, partnership or agreement to the following effect: That when defendant found lands for sale which, in the opinion of the parties, could be bought, held and sold at a profit, plaintiff should furnish the money to buy them; that the title should be taken in plaintiff's name; that when they were sold plaintiff should first be repaid the sums which he had advanced for purchase price, taxes and expenses with interest on the several sums at 6 per centum per annum from the date on which the same were severally advanced; that if defendant should advance any money for such purposes he should be repaid in like manner, and that the income from the lands while held by them and the net profits realized from sales should be divided equally between them.

The court further found that the parties purchased five parcels of land under this agreement, viz.: The Baker farm purchased August 14, 1912; the Swanson farm purchased January 3, 1914; the Day farm purchased March 13, 1916; the Nelander farm purchased March 21, 1916, and the Lenfest farm purchased August 10, 1916. The court treated each farm as a separate transaction, and found and determined the several amounts which each party had advanced for purchase price, taxes and expenses, and the several amounts which each had received in the form of rentals or products.

As conclusions of law the court found that judgment should be entered dissolving the partnership, adjusting the accounts in accordance with the findings of fact, appointing Frank Hart as receiver, and directing him to take charge of the property, to sell it as soon as he could reasonably do so, to pay each party the advancements made by him on each parcel out of the proceeds thereof after deducting the necessary expense, and to divide the net profit equally between them. The findings of fact and conclusions of law were made November 20, 1920. The court allowed the parties until January 1, 1921, in which to adjust the matters involved in the action ami-

cably between themselves, and directed that judgment be entered in accordance with the conclusions of law if they failed to do so.

Defendant appeals from an order denying a new trial.

Defendant admitted the partnership as to the Swanson and Lenfest farms, but denied it as to the Baker, Day and Nelander farms. He claimed that plaintiff loaned him the money with which to purchase these three farms, and was merely to receive back the money loaned with interest thereon when the farms were sold. He demanded that the question whether a partnership existed as to these three farms be submitted to a jury, and urges the refusal of the court to do so as error. This is an equitable action in which neither party is entitled, as a matter of right, to a jury trial of any of the issues. A court may, in the exercise of its discretion, submit issues to a jury in such an action, but its refusal to do so in this instance was no abuse of discretion. We find sufficient evidence to sustain the finding that all the farms were purchased as a joint venture or partnership under the agreement above stated.

Defendant insists that his arrangement with plaintiff did not create a partnership between them. Whether it created a technical partnership is not important, for, under it, they at least entered upon a joint venture, or a series of joint ventures, in which their respective rights, duties and obligations were similar to those of partners and are governed and determined by like rules. Irvine v. Campbell, 121 Minn. 192, 141 N. W. 108, Ann. Cas. 1914C, 689; Allen v. Velie, 137 Minn. 191, 163 N. W. 280; Hammel v. Feigh, 143 Minn. 115, 173 N. W. 570.

Defendant also contends that the agreement did not create a partnership in praesenti, but at most only provided for a future partnership which would not come into effect until the farms were sold and the profits were to be divided. We find no basis in the record for this contention. The agreement did not contemplate that they should enter into another contract with each other at some future time, but contemplated that they should then engage in a joint enterprise and should carry it out under and in accordance with the agreement then made. Although it contemplated the purchase of only those farms which could be bought at a price satis-

factory to both, and, therefore, no purchase for their joint account could be made without the consent of both, yet, when a purchase was made, it came under the agreement and the rights of the parties were fixed by the agreement. It created a partnership or joint enterprise in praesenti, as distinguished from an executory agreement to enter into such a partnership or enterprise on some future date.

Defendant also contends, in substance, that, as the farms have not been sold and there are no profits to divide, plaintiff cannot dissolve the partnership nor maintain this action to close it out and distribute the property.

Where no definite time is fixed during which a partnership is to continue, it is a partnership at will and may be dissolved at any time by any partner. Stitt v. Rat Portage Lumber Co. 98 Minn. 52, 107 N. W. 824; First International Bank v. Brown, 130 Minn. 210, 153 N. W. 522. The same rule applies, whether the parties are technically partners or merely joint adventurers in a joint enterprise. Here the agreement fixed no time for the continuance of operations thereunder and could be terminated at will by either party. Whether plaintiff had terminated it before bringing the action is not important, for, if he had not, bringing the action was an election to terminate it. There is authority to the effect that, where a partnership is formed to accomplish a specific purpose and one partner defeats the accomplishment of the purpose by dissolving the partnership without cause, he may be made to respond in damages, but that question is not involved here. It may be proper to note, however, that even in such cases the accomplishment of the purpose cannot be indefinitely delayed, and that here all of the land had been held more than 4 years and some of it more than 8 years at the time of the trial.

Defendant made a contract for the sale of the Baker farm to William Bergdolf, but by mutual agreement this contract was subsequently abandoned and the farm leased to Bergdolf. Plaintiff was permitted to testify that he had been informed by Bergdolf that Bergdolf had paid defendant for the use of this farm $180 per year for 2 years, and $115 per year for 3 years. Defendant objected to

this testimony and urges the ruling admitting it as error. It was clearly hearsay and inadmissible against defendant. But, although the ruling was erroneous, it was without prejudice, for defendant subsequently admitted that he had received these identical amounts from Bergdolf.

Defendant insists that plaintiff is not entitled to interest on the advances made by him. It is true that, in the absence of an agreement to that effect, one partner is not entitled to charge interest against the other for advances which he may make in the partnership business. But here the court found that there was an express agreement to allow plaintiff interest on all the money which he furnished for the joint enterprise, and we think this finding is fully justified by the evidence.

Defendant had expended $328.25 in making improvements on the Baker farm and had received $705 in money rentals from that farm. The court found that interest on both these amounts had been waived by the parties at the trial, and for that reason did not include interest on either of them in stating the account. Defendant makes the point that the record contains no agreement to waive interest. Plaintiff concedes this, stating that the agreement to waive interest was made at the argument in the court below and is not shown by the record. Defendant states that the waiver was limited to the Swanson and Lenfest farms, which he admitted were partnership property, and that he declined to make any waiver as to the Baker, Day and Nelander farms because it might imply that they were also partnership property. However, as defendant admittedly took out of the Baker farm in rents more than twice as much as he put into it in improvements, it is difficult to see how he is hurt by disallowing interest on both items. He made no improvements on the Day and Nelander farms, but was not charged interest on the amounts received from them.

Defendant further contends that a receiver was unnecessary and should not have been appointed. Where the court dissolves a partnership, it may appoint a receiver to carry the decree into effect and distribute the property or its proceeds as directed therein. G. S. 1913, § 7892. Whether a receiver shall be appointed is to be deter-

mined by the trial court in the exercise of its judicial discretion. Here, the court, after determining the rights of the parties and stating the accounts between them, gave them an opportunity to make an amicable arrangement for distributing or disposing of the property, and only provided for a receiver in the event that they should fail to do so. We find nothing to indicate that the court exercised its discretion unwisely.

Order affirmed.