### STEVENS v. LILLEY et al. (No. 9187.)

Court of Civil Appeals of Texas. Galveston.
June 6, 1928.

**1. Partnership** ⬤⟲242(7)—**Whether defendant, who claimed to have purchased interest in partnership for wife who subsequently withdrew, was partner, held question of fact.**

In suit on promissory notes against members of partnership, question whether one of defendants, who claimed to have purchased interest in behalf of his wife, alleged to have withdrawn before the debt was incurred, was member of the partnership, and therefore liable, was a question for determination of the trial court sitting as jury.

**2. Husband and wife** ⬤⟲97—**Failure of wife, in whose behalf husband purchased partnership interest, to follow statute did not render husband liable as partner (Rev. St. 1925, art. 4626).**

Where defendant, sued as member of partnership, purchased interest in behalf of wife, finding that wife was not in fact member of the firm on account of her failure to comply with Rev. St. 1925, art. 4626, did not affect status of her husband or make him liable for note sued on as member of the firm.

**3. Partnership** ⬤⟲241—**Failure of partner to file certificate on withdrawal does not render him liable to subsequent partnership creditor unaware of his former status (Rev. St. 1925, arts. 5924–5926; Pen. Code 1925, arts. 1067–1070).**

Failure of member of partnership to file with county clerk certificate setting forth the

---

⬤⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fact of his withdrawal from the firm, as required by Rev. St. 1925, arts. 5924–5926, and Pen. Code 1925, arts. 1067–1070, does not render withdrawing member liable for debt subsequently incurred on theory of estoppel, where it was not shown that creditor knew of such defendant's membership in firm, or acted in any way in reliance thereon.

Appeal from Walker County Court; P. H. Singeltary, Judge.

Suit by F. L. Stevens against H. S. Lilley, Woods Cochran, and C. C. Lowery, individually, and as partners trading under the firm name of Huntsville Motor Company. From so much of the judgment as denied plaintiff a recovery against the defendant last named, plaintiff appeals. Affirmed.

Dean & Humphrey, of Huntsville, for appellant.

R. T. Burns, of Huntsville, for C. C. Lowery.

LANE, J. This suit was brought by F. L. Stevens against H. S. Lilley, Woods Cochran, and C. C. Lowery, individually and as partners trading under the firm name of "Huntsville Motor Company," to recover upon six promissory notes aggregating the sum of $685, executed by the Huntsville Motor Company, payable to the Brenard Manufacturing Company, and which were transferred to the plaintiff, F. L. Stevens, before maturity for a valuable consideration. The plaintiff also sought recovery of reasonable attorney's fees, provided for in the notes.

Neither H. S. Lilley nor Woods Cochran made answer, but defendant Lowery appeared, and under oath averred that he was not, at the time of the execution of the notes sued upon, a copartner with Lilley and Cochran in the Huntsville Motor Company, and that he had never had any interest in said company, except as an employee. He also denied generally the allegations of the plaintiff's petition.

The case was tried before the court without a jury.

H. S. Lilley, a member of the firm of Huntsville Motor Company, testified that in the early part of the year 1926 defendant Lowery bought an interest in the company; that he agreed to pay $1,000 therefor; that he paid $900 of said sum in the form of a check drawn by his wife, and the remaining $100 was charged on the books; that Mr. Lowery made the trade himself, but did not at the time say anything about making his wife, and not himself, a partner in the business, but did say that he was using his wife's money; that, shortly after Lowery bought such interest, he contributed his services as a member of said firm, for which he received a salary of $50 per month; that the other members of the firm received a like sum for their services; that Lowery acted as a member of the firm, and exercised authority in

the management of the same just as did the other members; that Mrs. Lowery, wife of C. C. Lowery, withdrew her interest in the firm on August 9, 1926; that he purchased the Lowery interest from Mrs. Lowery; that she negotiated the sale in person, and that at that time the notes were not executed; that they were executed on the 31st day of August, 1926, in payment for a shipment of a radio receiving set, purchased after the Lowery interest had been withdrawn from the firm; that the firm became insolvent, and went out of business in the latter part of 1926.

He testified that, at the time C. C. Lowery purchased the interest in the firm, he did not know that it was Lowery's intention to make his wife a partner in the firm, but he learned that fact later; that, at the time the Lowery interest was withdrawn, the firm was insolvent.

Woods Cochran, a member of the firm, testified as follows:

"C. C. Lowery was a member of the firm, but I don't know of my own knowledge when or how he became a member. The defendant Lowery never did, prior to August 31, 1926, say that he was not a member of said firm; nor did he ever claim to me, or in my presence, prior to August 31, 1926, that his wife, and not himself, was a member of said firm. The defendant C. C. Lowery contributed his services to said firm as a member thereof. The defendant C. C. Lowery was also employed by said firm on a commission basis. All the members of said firm were supposed to draw $50 per month; that is, all the members of the firm. * * * The said C. C. Lowery had sold out prior to the date of said purchase. I do not remember the date, but the trade had been made with Mrs. Lowery taking over the Lowery interest in said business."

C. C. Lowery testified that he purchased an interest in the Huntsville Motor Company from H. S. Lilley; that such purchase was made for his wife, and that he paid for same by giving a check drawn by his wife on her separate bank account, which was her separate property; that by such purchase it was his purpose to make his wife a member of the firm, and that he thought Judge Lilley so understood; that the only authority he exercised in the management of the business was as the representative of his wife, and as her husband.

Mrs. Lowery testified as follows:

"About March 1, 1926, I had some money in the bank which I had received from the sale of some real estate I had inherited. I allowed my husband to check against this account in paying for the interest I acquired in the Huntsville Motor Company. It was my understanding that I was to be a member of the firm, and not my husband. Later on I contributed my services to said firm as a member thereof, and received a salary of $50 per month, according to the partnership agreement. My husband made the trade with Mr. Lilley for the interest that I acquired, but, when I sold out, I made the trade with Mr. Lilley myself."

There was no notice, as required by articles 5924, 5925, and 5926, Revised Civil Statutes of 1925, and articles 1067–1070; inclusive, of the Revised Criminal Statutes of 1925 (Pen. Code 1925), given of the withdrawal of the Lowery interest from the firm, nor of the names of the persons composing the firm. Nor were any of the provisions of article 4626, Revised Civil Statutes of 1925, complied with, by virtue of which Mrs. Lowery might become a partner in a business firm.

Upon the disclosed facts the court rendered judgment for the plaintiff against defendants H. S. Lilley and Woods Cochran and the firm, Huntsville Motor Company, for the sum of $715.52, same being the principal and interest due on the notes sued on, and for $71.55 attorney's fee, but denied him any recovery against defendant Lowery.

F. L. Stevens has appealed from so much of the judgment as refused him a recovery against Lowery.

The trial court, in his findings of fact, found that the Huntsville Motor Company and its members, H. S. Lilley and Woods Cochran, were, on the 9th day of August, and continuously thereafter during said month, insolvent, and unable to pay the notes sued on; that the defendant C. C. Lowery was at no time a member of the partnership; and that his wife had withdrawn her interest from the firm prior to the execution of the notes in suit, and therefore neither defendant Lowery nor his wife was liable to plaintiff on the notes.

Appellant contends: First, that under the law and facts proven C. C. Lowery was a member of the Huntsville Motor Company, and, as such member, was liable on the notes in suit, since no notice was given of the withdrawal of the Lowerys from the firm, as required by article 5925, Revised Civil Statutes of 1925; second, that he was entitled to a recovery upon the notes as against C. C. Lowery, because the evidence shows that Lowery was a member of the firm, and that, while he was such member, H. S. Lilley, another member of the firm, made financial statements to the Dun and Bradstreet Mercantile Agencies for the purpose of insuring credit generally, and in such report it was stated that Lowery was a member of the firm.

[1, 2] We feel constrained to overrule both of appellant's contentions. We think the evidence is sufficient to support the finding of the court that C. C. Lowery was, as a matter of fact, never a member of the Huntsville Motor Company. Whether Lowery was such member was, under the evidence, a question for the determination of the judge, who was trying the case without a jury. It follows that, if Lowery was never a member of the firm, he would not be required by the provisions of article 5925, supra, to give notice of withdrawal from the firm. Whether or not Mrs. Lowery was ever lawfully a member of the firm is not a pertinent inquiry, as she was not a party to the suit. A finding that Mrs. Lowery was not a member of the firm because she did not comply with the provisions of article 4626, supra, which provides the method by which a married woman may become a member of a trading firm, would in no way affect the status of her husband, C. C. Lowery, with the firm, for, if he was not a member, her purchase of an interest in the firm, or his purchase of such interest for her as her agent, would not make him a member.

[3] Coming now to a consideration of the second contention: Conceding, for the purpose of discussing such contention, that C. C. Lowery was a member of the firm up to August 9, 1926, at which time he sold his interest therein to H. S. Lilley, and was not in fact a member of the firm on August 31st, the date on which Lilley incurred the debt sued upon, was he estopped to deny that he was a member of the firm and liable for the firm's obligations because he failed, after he sold to Lilley, to file with the county clerk a certificate setting forth the fact of his withdrawal from, or disposition of his interest in, the business, as required by article 5925, Revised Statutes of 1925, as contended by appellant?

Stressing his contention, appellant submits that a retiring partner can only relieve himself from liability for debts incurred in the firm name after such retirement by giving express notice to all persons dealing with the firm that he has withdrawn from the firm. We have reached the conclusion that the fact of the failure of Lowery to file the certificate required by article 5925, supra, did not constitute a legal estoppel, since section 3 of the Act of the Thirty-Seventh Legislature of 1921 (Acts of Thirty-Seventh Legislature, p. 142), was so changed by the codification of our Civil Statutes of 1925 as to eliminate therefrom the following words:

"And until he has filed such certificate he shall remain liable for all debts incurred in the operation of said business."

The penalty provided for a failure to comply with the provisions of articles 5924 and 5925 of our Revised Civil Statutes of 1925 is a fine of not less than $25 nor more than $100.

Such being the present state of the law, if Lowery is estopped to deny his liability, he must have been guilty of some act or acts which would constitute an estoppel in pais.

There is no allegation in the plaintiff's petition that either the plaintiff or the Branard Manufacturing Company had dealings with the Huntsville Motor Company prior to the sale made by the manufacturing company on August 31, 1926, after the Lowery interest had been sold to H. S. Lilley; or that either of them ever knew that Lowery was at any time a member of the firm; nor was there

any evidence tending to support a finding that either knew of Lowery's membership in the firm. So far as shown by the pleadings and evidence, Stevens was not, as a matter of law under the rule applicable to estoppel in pais, entitled to a recovery because of the failure of Lowery to give notice, of his withdrawal from the firm, if he ever was a member thereof. Thompson v. Harmon (Tex. Com. App.) 207 S. W. 909.

In the case cited, Judge Sonfield, in an opinion approved by our Supreme Court, said:

"Those having subsequent dealings without knowledge of the existence of the partnership are entitled to no notice of any kind of the dissolution. A continuing relation cannot be relied upon by one without knowledge that such relation once existed. Hence, subsequent creditors without such knowledge cannot fasten liability upon a retiring member through the mere failure to give notice of dissolution. Swigert v. Aspden, 52 Minn. 565, 54 N. W. 738. The basis of such liability is estoppel. Having held himself out, or permitted others to hold him out, as a partner whereby persons dealing with the partnership are induced to believe him a member thereof, and through such belief to extend credit to the partnership, he cannot as to such persons deny the partnership, although it does not in fact exist. This being the sole ground of liability, one seeking to recover against a retiring member must establish that he knew at the time of the transaction that a partnership existed, of which the one sought to be held liable was a member; that he believed it still existed, being in ignorance of any dissolution; and that he entered upon the transaction or extended credit in reliance upon the partnership as it had theretofore existed. Wallis v. Wood [Tex. Sup.] 7 S. W. 852; Pratt v. Page, 32 Vt. 13; Thompson v. Bank, 111 U. S. 529, 4 S. Ct. 689, 28 L. Ed. 507; 22 Am. & Eng. Law, 58."

Again: "As to the deposit of H. B. Otis and his sale of the Bradford vendor lien notes, while his testimony may be construed as evidencing a knowledge of the existence of the partnership, there is no evidence that he made the deposit or had the transaction with reference to the notes in reliance upon these defendants being members of the partnership. Without such reliance there can be no recovery.

"Plaintiff adduced evidence of general reputation and notoriety in the community in which the bank was situated, that Green and these defendants were partners, and that the partnership continued to the date of the failure of the bank. Knowledge by a creditor of the existence of the partnership and ignorance of its dissolution cannot be established in this manner. General reputation and notoriety may exist, and yet the party dealing with the firm may have no knowledge thereof. That which is to be established is not the knowledge of others upon which the general reputation and notoriety may be based, but the facts within the knowledge of the creditor himself. Wallis v. Wood [Tex. Sup.] 7 S. W. 852. But even if knowledge of the existence of the partnership and ignorance of its dissolution could be thus established, reliance upon the partnership as it originally existed could not thus be established. It could not be presumed from general reputation and notoriety that there was knowledge of the existence of the partnership and ignorance of its dissolution, and based upon this the further presumption obtain, that the party in such dealing relied upon the knowledge and ignorance so presumed."

For the reasons pointed out, the judgment is affirmed.

Affirmed.