Frank POWELL et ux., Appellants,

v.

Gentry T. JONES et al., Appellees.

No. 3246.

Court of Civil Appeals of Texas.

Eastland.

May 11, 1956.

Ralph C. Watson, Dallas, for appellants.

Templeton & Gauen, Dallas, for appellees.

GRISSOM, Chief Justice.

Frank Powell and wife sued Gentry T. Jones and Ben C. Gattis on an open account for merchandise sold in November, 1953. In their second amended petition plaintiffs alleged Jones was the owner and operator of Fidelity Drug Company in November,

1953, and that Gattis was his manager of said drug store and had authority to act for Jones, or that Fidelity Drug Company was a partnership composed of Jones and Gattis. Jones denied under oath the existence of a partnership and alleged he had verbally leased the drug store to Gattis and that Gattis was operating it as a lessee in November, 1953, and that Gattis alone was responsible for its debts. Jones alleged he had not held himself out to plaintiffs as the owner of said drug store in November, 1953; that he had nothing to do with its operation and that plaintiffs had not looked to him for payment for the merchandise sold to drug store on credit. By supplemental petition plaintiffs alleged Jones "held himself out to the public in general" as the owner and operator of said business, in that, in December 1953 (evidently meaning 1951), Jones filed in the assumed names record an affidavit that he was the owner of said business but failed to record a certificate showing a change, as provided by Article 5925. Plaintiffs concluded that Jones could not assert a verbal lease and that he was estopped from disclaiming liability because he had not notified plaintiffs of the lease, they did not know thereof and relied on its ownership by Jones. Plaintiffs filed a trial amendment to the effect that prior to the sale to said drug store Jones knew plaintiffs were creditors because when Jones purchased the drug store from Gattis in 1951 he caused plaintiffs to execute an affidavit that it was not indebted to them and plaintiffs were thereby notified that Jones was purchasing said drug store and, relying thereon, plaintiffs caused said merchandise to be delivered to Fidelity Drug Company. Plaintiffs concluded that if Jones had leased said business to Gattis prior to November, 1953, that he was estopped to set up that fact as a defense because Jones had not notified plaintiffs of his lease to Gattis.

At the conclusion of a trial to the court judgment was rendered for Jones. Plaintiffs requested findings of fact and conclusions of law. The court found that Jones had leased the store to Gattis prior to November, 1953; that the debt was incurred by Gattis, who was only a tenant of Jones, and Jones then had nothing to do with the operation of the store; that Jones had never been a customer of plaintiffs and had not agreed to be responsible for the debts of Gattis; that plaintiffs had theretofore done business with Gattis and had looked to him for payment for the merchandise sold the drug store on credit and that Jones had not during the time the debt sued for was incurred held himself out to plaintiffs as the operator of the drug store or as having any control over its management. The court's conclusions of law were that Jones had not agreed in writing to be responsible for the debts of another and that he was merely Gattis' lessor and, therefore, he was not responsible for debts incurred by the lessee. Plaintiffs have appealed.

At the request of plaintiffs the court found the following additional facts: that from November 3, 1951, until October, 1954, Jones owned the Fidelity Drug Company; that plaintiffs had no notice of the lease to Gattis; that the merchandise sued for was delivered to Fidelity Drug Company; that there was no written lease; that Fidelity Drug Company had been operated by Jones prior to delivery of the merchandise and that, during the existence of the lease, Jones paid social security and withholding taxes on the employees of the Fidelity Drug Company.

 Plaintiffs' first points complain of the refusal to make other findings of fact relating to plaintiffs' plea of estoppel. Said points are overruled because of our conclusion, from a study of the statement of facts, that the evidence does not compel some of the requested additional findings and that the others are immaterial and, if found, would not have required rendition of a different judgment. There was no evidence from which the court was required to find that when plaintiffs sold the merchandise they relied on the credit of Jones and looked to him for payment nor that, if they had known he was merely the lessor of Gattis, that they would not have sold and delivered the merchandise. On

the contrary, the evidence indicates that plaintiffs had done business with Gattis prior to the purchase of the drug store by Jones in 1951 and had not done any business on credit with Jones; that, during November, 1953, every delivery was signed for by Gattis or someone purporting to act for him. There was no evidence requiring a conclusion that the sale and delivery of the merchandise was made in reliance on the credit of Jones and that plaintiffs were unwilling to sell to Gattis on credit.

■ Appellants' remaining points are based on the contention that Jones is liable for the merchandise sold in November, 1953, because, when Jones purchased the store from Gattis in 1951, he filed an assumed name certificate showing he was the owner of Fidelity Drug Company and that after leasing to Jones he did not file a certificate showing any change. It is not in this connection contended that plaintiffs relied on said records in selling said merchandise. They simply contend that Jones cannot deny liability for merchandise delivered to the drug store while it was leased to Gattis because Jones had not complied with the assumed name statute. Said statute formerly contained a provision that "until he has filed such certificate he shall remain liable for all debts incurred in the operation of said business * * *." Gammel's Laws of Texas [Gen.Laws 1921, 37th Leg.], Vol. 20, Chap. 73, page 142. This provision was eliminated in 1925. Article 5925 now contains no such provision. Evidently, when the legislature struck said provision from the statute it intended that thereafter a person who failed to file a certificate showing such a change should not, merely because of such failure, be liable for the debts incurred thereafter in the operation of the business. In Stevens v. Lilley, Tex.Civ. App., 7 S.W.2d 883, 885, it was held that the failure of a member of a partnership to file a certificate showing his withdrawal from the firm did not render him liable, where it was not shown that the creditor knew of defendant's membership in the debtor firm and sold to it because he relied on the credit of its former member.

Mr. Jones was not liable for the debt incurred by Gattis merely because he failed to file such a certificate. Article 5925. See also Gregory v. Newsom, Tex.Civ. App., 279 S.W. 912, 916; Bristol v. Chas. F. Noble Oil & Gas Co., Tex.Com.App., 283 S.W. 163, 164 and Paragon Oil Syndicate v. Rhoades Drilling Co., Tex.Com. App., 115 Tex. 149, 277 S.W. 1036, 1038. We have considered all of plaintiffs' points. We think reversible error is not shown. The judgment is affirmed.